FIFTH DIVISION
JUNE 1, 2007

1-06-0302

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 87 CR 18009 |
| | ) | |
| WILLIE BALLE, | ) | Honorable |
| | ) | Clayton J. Crane, |
| Defendant-Appellant. | ) | Judge Presiding. |
| | ) | |
| | ) | |
| | ) | |

JUSTICE TULLY delivered the opinion of the court:

On October 3, 2005, defendant filed a second postconviction petition in which he alleged (1) that his trial counsel was ineffective for failing to obtain records from the psychiatric unit of the Cook County jail, which would have supported an insanity defense and a request for a fitness hearing; (2) that, in violation of Brady v. Maryland (373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), the State failed to turn over defendant's mental health records from the Cook County jail; and (3) that his natural life sentence is void because he was not eligible to be sentenced pursuant to the Habitual Criminal Act (720 ILCS 5/33B-1 et seq. (West 2002)). The circuit court dismissed defendant's petition, concluding that defendant's second postconviction petition failed to satisfy the cause-and-prejudice test. See 725 ILCS 5/122-1(f) (West 2004). We affirm in part, reverse in part, and remand for a new sentencing hearing.

FACTS

Following a jury trial, defendant was convicted of one count of aggravated criminal sexual assault and one count of armed robbery. Pursuant to the Habitual Criminal Act (720 ILCS 5/33B-1 *et seq*. (West 2002)), the circuit court determined that defendant was a habitual criminal and sentenced him to a term of natural life. Defendant filed a direct appeal with this court and we affirmed defendant's conviction and sentence on November 29, 1993. People v. Balle, 256 Ill. App. 3d 963 (1993).

On May 29, 2003, defendant filed a petition for habeas corpus. In his petition, defendant asserted that the circuit court lacked jurisdiction to impose a natural life sentence under the Habitual Criminal Act based on guilty pleas defendant made in 1976 and 1981 and defendant asserted that he never was advised that these pleas could lead to harsher penalties for future convictions. The circuit court determined that, rather than a petition for habeas corpus, defendant's petition should be recharacterized as a postconviction petition. After recharacterizing defendant's petition as a postconviction petition, the circuit court dismissed the petition as frivolous and patently without merit. On December 10, 2004, this court affirmed the circuit court's dismissal of defendant's postconviction petition. People v. Balle, No. 1-03-2411 (2004) (unpublished order under Supreme Court Rule 23).

On October 3, 2005, defendant filed a second postconviction petition, which he labeled "Succes[s]or Post-Conviction Petition Seeking Relief." In this petition, defendant alleged that his trial counsel was ineffective for failing to obtain records regarding defendant's pretrial incarceration in the psychiatric unit of the Cook County jail, which would have supported an

2

insanity defense or a request for a fitness hearing. Defendant also alleged that, by failing to turn over his mental health records from the Cook County jail, the State failed to comply with Brady v. Maryland, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). After confirming that defendant's petition was a second post-conviction petition, the circuit court determined that defendant failed to meet the cause-and-prejudice test. See 725 ILCS 5/122-1(f) (West 2004). Following the circuit court's dismissal of his second postconviction petition, defendant filed this appeal.

DISCUSSION

Defendant's first argument on appeal is that the circuit court erred when it determined that the petition he filed on October 3, 2005, which he labeled "Succes[s]or Post-Conviction Petition Seeking Relief," was his second postconviction petition. Specifically, defendant asserts that, pursuant to our supreme court's decision in People v. Shellstrom, (216 Ill. 2d 45 (2005), the postconviction petition he filed in this case should be considered his first post-conviction petition and, therefore, the circuit court erred when it applied the "cause-and-prejudice" test rather than the "gist of a constitutional claim" test. We disagree.

The Act contemplates the filing of only one postconviction petition. People v. Flores, 153 Ill. 2d 264, (1992). A defendant may file a second postconviction petition only if he receives leave of court. Flores, 153 Ill. 2d at 273-274. The circuit court may grant such leave only if the defendant can satisfy the cause-and-prejudice test; that is, the defendant must demonstrate cause for his failure to bring the claim in his initial postconviction proceeding and must demonstrate prejudice in that the claim not raised in his initial postconviction petition proceedings so infected

3

the trial that the resulting conviction or sentence violated due process.  725 ILCS 5/122-1(f) (West 2004).

In Shellstrom, the defendant filed a pro se document entitled " 'Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea.' "  Shellstrom, 216 Ill. 2d at 48.  The circuit court, sua sponte, recharacterized the pleading as a first postconviction petition under the Act and summarily dismissed it.  Shellstrom, 216 Ill. 2d at 49.  In vacating the circuit court's order, our supreme court first reaffirmed the well-settled principle that where a pro se pleading alleges a deprivation of constitutional rights cognizable under the Act, a circuit court may treat the pleading as a postconviction petition, even where labeled differently.  Shellstrom, 216 Ill. 2d at 53 & n.1.  The court found, however, that before a circuit court recharacterizes a defendant's pleading as a first postconviction petition, the defendant must be given notice.  Shellstrom, 216 Ill. 2d at 57.  Specifically, our supreme court stated:

"Pursuant to our supervisory authority, we hold that, in the future, when a circuit court is recharacterizing a first postconviction petition a pleading that a pro se litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the pro se litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has.  If

1-06-0302

the court fails to do so, the pleading cannot be considered to have become a postconviction pleadingfor purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." Shellstrom, 216 Ill. 2d at 57.

Because the circuit court failed to give the defendant all three of these admonishments, our supreme court vacated the circuit court's judgment and remanded the cause with instructions. Shellstrom, 216 Ill. 2d at 57-58.

Here, on May 29, 2003, defendant filed his petition for habeas corpus, which the court recharacterized as a postconviction petition. Over two years later, on July 21, 2005, our supreme court decided Shellstrom, 216 Ill. 2d 45. Defendant asserts that Shellstrom should apply retroactively to his case and, because he did not receive the admonishments required by Shellstrom, the May 29, 2003, postconviction petition should be disregarded and the postconviction petition in this case should be treated as if it was his first postconviction petition. Contrary to defendant's argument that Shellstrom should apply retroactively, this court's recent decision in People v. Spears, No. 1-05-3600, slip op. at 9 (February 28, 2007) confirmed that our supreme court in Shellstrom "intended its holding to apply prospectively." Therefore, we reject defendant's contention that Shellstrom should apply retroactively to his May 29, 2003, petition for habeas corpus, which the circuit court recharacterized as a postconviction petition.

Since Shellstrom does not apply retroactively to defendant's case (see People v. Spears, No. 1-05-3600 (February 28, 2007), defendant's October 3, 2005, postconviction petition was his second postconviction petition. Therefore, in order to receive leave of court to file this petition, defendant must satisfy the cause-and-prejudice test. See 725 ILCS 5/122-1(f) (West 2004).

5

1-06-0302

Pursuant to the cause-and-prejudice test, the defendant must show "cause" for failing to raise the issue in a prior proceeding and "prejudice" resulting from the claimed error. People v. Smith, 352 Ill. App. 3d 1095 (2004). "Cause" is defined as an objective factor external to the defense that impeded defense counsel's attempts to raise the claim in an earlier proceeding. People v. Leason, 352 Ill. App. 3d 450, 453 (2004). "Prejudice" is defined as an error so infectious to the trial proceeding that the resulting conviction violates due process. Leason, 352 Ill. App. 3d at 453.

In this case, defendant has failed to show "cause" for failing to raise in an earlier proceeding his claims of ineffective assistance of counsel, which included claims regarding trial counsel's failure to obtain his mental health records and trial counsel's failure to argue an insanity defense or request a fitness hearing. Furthermore, defendant has failed to show "cause" for failing to raise in an earlier proceeding his claims that the State failed to turn over defendant's mental health records, which defendant asserts amounted to a violation of the United States Supreme Court's decision in Brady, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. Indeed, defendant has offered no plausible explanation as to why he failed to raise these issues either on direct appeal to this court or in his May 29, 2003, petition for habeas corpus, which the circuit court recharacterized as a postconviction petition. Since defendant has failed to demonstrate "cause" for his default, we need not address the "prejudice" element of the cause-and-prejudice test. See Leason, 352 Ill. App. 3d at 455 (when a "defendant is unable to establish cause for his default[, he or she] fails to satisfy the requirements of the cause and prejudice test").

Defendant's final argument on appeal is that his life sentence is void since he was not

6

eligible to be sentenced pursuant to the Habitual Criminal Act. 720 ILCS 5/33B-1 et seq. (West 2002). Specifically, defendant asserts that deviate sexual assault, for which defendant was convicted in 1976 and which served as a basis for the circuit court's determination that he should be sentenced as a habitual criminal, was not a conviction that could be considered under the applicable version of the Habitual Criminal Act. We agree.

A sentence that does not conform to a statutory requirement is void (People v. Arna, 168 Ill. 2d 107, 113 (1995)) and "[c]hallenges to void judgments may be raised at any time, irrespective of the principle of waiver" (People v. Simmons, 256 Ill. App. 3d 651, 653 (1993), citing People v. Terrell, 132 Ill. 2d 178, 230 (1989)). Here, since defendant has asserted that his sentence is void in that the sentence did not comply with the statutory requirements provided by the Habitual Criminal Act (720 ILCS 5/33B-1 et seq. (West 2002)), we review defendant's sentence to assess whether the his sentence is, in fact, void.

Our supreme court has confirmed that a defendant has a right to be sentenced under either the law in effect on the date he or she committed the crime or the law in effect on the date he or she is sentenced. People v. Hollins, 51 Ill. 2d 68, 71 (1972). "[I]n the absence of a showing that [the defendant] was advised of his right to elect under which statute he should be sentenced, and an express waiver of that right, [the defendant] was denied due process of law." Hollins, 51 Ill. 2d 68 (1972). In general, the Habitual Criminal Act, which is the statute pursuant to which defendant was sentenced, mandates the imposition of a naturallife sentence if a defendant is convicted of three temporally separate Class X offenses, or other eligible serious felonies, within a 20-year period. 720 ILCS 5/33B-1 et seq. (West 2002); People v. Palmer, 218 Ill. 2d 148, 155

7

(2006). Two different versions of the Habitual Criminal Act were in effect between the date defendant committed the crimes for which he was convicted in this case and the date defendant was sentenced. Specifically, on December 12, 1987, which was the date on which defendant committed the aggravated criminal assault and the armed robbery at issue in this postconviction petition, the Habitual Criminal Act provided that a defendant should be sentenced to natural life imprisonment if he or she previously had been convicted of two offenses that "contain[] the same elements as an offense now classified in Illinois as a Class X felony or first degree murder." Ill. Rev. Stat., 1986 Supp., ch. 38, par. 33B-1(a). On January 1, 1988, which was approximately two months after defendant committed the crimes at issue in the present case, a new version of the Habitual Criminal Act went into effect. This new version of the Habitual Criminal Act, which was the version of the Act that the circuit court applied at defendant's sentencing hearing, provided that a defendant could be sentenced to natural life imprisonment if he or she previously had been convicted of two offenses that "contain[] the same elements as an offense now classified in Illinois as a Class X felony, **criminal sexual assault** or first degree murder." (Emphasis added.); Ill. Rev. Stat. 1987, ch. 38, par. 33B-1(a). Therefore, it is clear that there were substantive differences between the Habitual Criminal Act in effect on the date defendant *committed the crimes* at issue in this case and the Habitual Criminal Act in effect on the date defendant was *sentenced* in this case. Furthermore, it is clear from this record that defendant was not advised by the circuit court of his right to elect to be sentenced under the law in effect at the time the offenses were committed rather than the law in effect at the time he was sentenced. As such, we must assess whether the circuit court's failure to advise defendant of his right to choose

8

under which statute he wished to be sentenced denied defendant of his due process rights or simply was harmless error.

A review of this record confirms that, in 1976, defendant was convicted of robbery and deviate sexual assault. Deviate sexual assault has the same elements as a crime subsequently named criminal sexual assault. Furthermore, in 1981, defendant was convicted of rape, deviate sexual assault, armed robbery, and aggravated battery. Finally, in 1988, defendant was convicted of aggravated criminal sexual assault and armed robbery. Defendant and the State agree that both the 1981 conviction for rape and the 1988 conviction for aggravated criminal sexual assault were Class X felonies and, therefore, both were convictions that could be considered when evaluating whether defendant was a habitual criminal, regardless of which version of the Habitual Criminal Act was in effect. Defendant and the State disagree, however, as to whether the 1976 convictions, for either robbery or deviate sexual assault (i.e., criminal sexual assault) could properly serve as a basis for sentencing defendant under the Habitual Criminal Act.

After reviewing the version of the Habitual Criminal Act that was in effect at the time defendant committed the crimes at issue in this case, the version of the Habitual Criminal Act that was in effect at the time defendant was sentenced in this case, and the robbery and deviate sexual assault convictions from 1976 that served as the basis for the circuit court's determination that defendant was a habitual criminal, we must conclude that defendant's due process rights were violated such that he is entitled to a new sentencing hearing. First, robbery, which is one of the crimes for which defendant was convicted in 1976, was a Class 2 felony, not a Class X felony. Second, deviate sexual assault, which was the other crime for which defendant was

9

convicted in 1976, contained the same elements as criminal sexual assault, which is a Class 1 felony, not a Class X felony. Finally, while the version of the Habitual Criminal Act in effect at the time defendant was *sentenced* provided that a defendant would be sentenced as a habitual criminal if he or she previously had been convicted of two offenses that "contain[] the same elements as an offense now classified in Illinois as a Class X felony, *criminal sexual assault* or first degree murder." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 33B-1(a). The version of the Habitual Criminal Act that was in effect on the date that defendant *committed the crimes* provided that a defendant would be sentenced to natural life imprisonment if he or she had previously been convicted of two offenses that "contain[] the same elements as an offense now classified in Illinois as a Class X felony or first degree murder." Ill. Rev. Stat., 1986 Supp., ch. 38, par. 33B-1(a). Since neither robbery nor deviate sexual assault (i.e., criminal sexual assault) contained the same elements as an offense then "classified in Illinois as a Class X felony or first degree murder," and since the language including "criminal sexual assault" was not added to the Act until January 1, 1989, which was approximately two months after defendant committed the crime, we must conclude that defendant was not eligible to be sentenced as a habitual criminal under the version of the Act that was in effect on the day he committed the Class X felony at issue in this case. As such, defendant is entitled to a new sentencing hearing.

In sum, we hold that our supreme court's decision in Shellstrom, 216 Ill. 2d 45, does not apply retroactively to the successive postconviction petition defendant filed in this case and defendant is not entitled to relief because he has failed to satisfy the cause-and-prejudice test. See 725 ILCS 5/122-1(f) (West 2004). In addition, we conclude that defendant was sentenced

1-06-0302

under a version of the Habitual Criminal Act that became effective on January 1, 1988, for crimes that he committed on December 12, 1987. Therefore, defendant should have been given the opportunity to elect between the Habitual Criminal Act in effect on the date he committed the crimes and the Habitual Criminal Act in effect on the date he was sentenced. See Hollins, 51 Ill. 2d at 71 (holding that a defendant has a right to be sentenced under either the law in effect on the date he or she committed the crime or the law in effect on the date he or she is sentenced). This record confirms that defendant did not know of his right to elect to be sentenced under the law in effect at the time the offenses were committed and confirms that the circuit court did not admonish him of this right. As a result, defendant's sentence must be vacated and the cause remanded for a new sentencing hearing.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court dismissing defendant's postconviction petition is affirmed. The sentence imposed following his 1988 conviction for aggravated sexual assault and robbery is vacated and the cause is remanded to the circuit court for a new sentencing hearing where defendant may be allowed to make an informed election between the sentencing provisions in effect at the time of the offenses and those in effect on the date of sentencing.

Affirmed in part and reversed in part; cause remanded with instructions.

O'BRIEN, P.J., and GALLAGHER, J., concur.

11