910 N.E.2d 598 (2009)
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
James D. CALIENDO, Defendant-Appellant.
No. 2-07-0121.
Appellate Court of Illinois, Second District.
May 20, 2009.
*600 Thomas A. Lilien, Deputy Defender, Bruce Kirkham, Office of the State Appellate Defender, Elgin, for James D. Caliendo.
John A. Barsanti, Kane County State's Attorney, St. Charles, Lawrence M. Bauer, Deputy Director, Marshall M. Stevens, State's Attorneys Appellate Prosecutor, Elgin, for the People.
Justice HUTCHINSON delivered the opinion of the court:
Defendant, James D. Caliendo, appeals the dismissal of his petition filed under section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2006)). The trial court summarily dismissed his pleading, citing section 122-2.1(a)(2) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-2.1(a)(2) (West 2006)). Defendant now contends that the trial court committed reversible error when it recharacterized his section 2-1401 petition as a postconviction petition and failed to properly notify him that it intended to do so, warn him of the consequences of the recharacterization, and allow him to withdraw or amend the petition, as required by People v. Shellstrom, 216 Ill.2d 45, 295 Ill.Dec. 657, 833 N.E.2d 863 (2005), and People v. Pearson, 216 Ill.2d 58, 295 Ill.Dec. 621, 833 N.E.2d 827 (2005). For the following reasons, we vacate the trial court's summary dismissal and remand the case with instructions.
In June 2004, a grand jury returned an indictment against defendant, charging him with the offenses of burglary (720 ILCS 5/19-1(a) (West 2004)) and criminal damage to property (720 ILCS 5/21-1(1)(a) (West 2004)). The charges alleged that defendant threw a brick though the window of the French Country Market, went inside, and took a number of items. Defendant pleaded guilty to the charge of burglary, entering a fully negotiated plea. In exchange, the State recommended a sentence of 8½ years' imprisonment and nol-prossed the criminal-damage-to-property charge.
On September 20, 2006, defendant mailed a "Petition for Relief of Judgment," which in its opening paragraph stated that it was filed under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2006)). In the petition, defendant alleged various constitutional and statutory violations related to his arrest, the indictment, the impaneling of the grand jury, the collection of DNA samples, and the sentencing statutes. The petition was file stamped in the circuit court clerk's office on October 2, 2006, and a postconviction petition cover sheet was placed on the petition. On December 28, 2006, the trial court summarily dismissed the petition as frivolous and patently without merit, citing section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2006)). Defendant timely appeals.
At the outset, we address the State's objection that the trial court lacked jurisdiction to consider the petition, because defendant incorrectly mailed it by regular mail and failed to properly serve it on the State, contrary to Supreme Court Rules 105 and 106 (134 Ill.2d Rs. 105, 106), and because it was filed after the two-year time limit for section 2-1401 petitions. The State's objection is not dispositive of jurisdiction in this case.
In People v. Mescall, 347 Ill.App.3d 995, 283 Ill.Dec. 813, 808 N.E.2d 1101 (2004), *601 the defendant served his section 2-1401 petition on the Attorney General by regular mail rather than on the State's Attorney by certified or registered mail. Mescall, 347 Ill.App.3d at 997, 283 Ill.Dec. 813, 808 N.E.2d 1101. The petition was also received late and was dismissed by the trial court as untimely. Mescall, 347 Ill. App.3d at 996-97, 283 Ill.Dec. 813, 808 N.E.2d 1101. We determined that, while the trial court did not have jurisdiction to pronounce judgment on the State, it nevertheless had personal jurisdiction over the defendant because he submitted to the trial court's jurisdiction by filing his petition. Mescall, 347 Ill.App.3d at 999-1000, 283 Ill.Dec. 813, 808 N.E.2d 1101. In addition, we determined that our jurisdiction was "a continuation of the personal jurisdiction of the trial court" and that, therefore, we could consider the case. Mescall 347 Ill. App.3d at 998, 283 Ill.Dec. 813, 808 N.E.2d 1101.
Likewise here, while defendant's section 2-1401 petition may not have been timely filed or may not have been delivered by certified or registered mail, defendant's submission to the trial court still subjected him to its jurisdiction. He is also subject to our jurisdiction to review the recharacterization and dismissal of his petition. Additionally, the State's objection fails to address that the trial court recharacterized defendant's petition from a section 2-1401 petition to a petition for postconviction relief under the Act. The recharacterization and subsequent dismissal affected solely defendant, not the State. Therefore, the lack of personal jurisdiction over the State does not prohibit our review.
We agree with defendant that the trial court recharacterized his section 2-1401 petition as a petition for postconviction relief. It is well established that pro se pleadings alleging violations of rights cognizable under the Act may be treated as postconviction petitions under the statute despite their labels. People v. Escobedo, 377 Ill.App.3d 82, 87, 316 Ill. Dec. 45, 878 N.E.2d 767 (2007). Indeed, a trial court may sua sponte recharacterize a pleading as a postconviction petition but is not required to do so. Shellstrom, 216 Ill.2d at 53, 295 Ill.Dec. 657, 833 N.E.2d 863. Rather than being unduly paternalistic, recharacterization is done primarily for the defendant's benefit. See Shellstrom, 216 Ill.2d at 50-52, 295 Ill.Dec. 657, 833 N.E.2d 863. Pro se defendants frequently choose an inappropriate method of collaterally attacking their convictions. People ex rel. Palmer v. Twomey, 53 Ill.2d 479, 484, 292 N.E.2d 379 (1973). Recharacterizing a pleading as a postconviction petition allows the trial court to appoint counsel for the defendant's benefit. Shellstrom, 216 Ill.2d at 52, 295 Ill.Dec. 657, 833 N.E.2d 863.
In this case, the trial court clearly recharacterized defendant's initial petition as a postconviction petition under the Act. Defendant's petition was plainly labeled a "Petition for Relief of Judgment" and cited section 2-1401 of the Code. The trial court's written dismissal order states: "having reviewed Petitioner['s] * * * PETITION FOR RELIEF OF JUDGMENT (her[e]inafter referred to as a post conviction petition or petition)." Also, the trial court expressly dismissed the petition pursuant to section 122-2.1(a)(2) of the Act, the section that permits the dismissal of frivolous postconviction petitions. See 725 ILCS 5/122-2.1 (a)(2) (West 2006). Because defendant unambiguously filed his petition under section 2-1401 of the Code, but the trial court considered and dismissed it under the Act, we conclude that the trial court recharacterized defendant's pleading as one for postconviction relief.
*602 We reject the State's attempts to minimize the effects of the trial court's recharacterization. The State cites People v. Vincent, 226 Ill.2d 1, 312 Ill.Dec. 617, 871 N.E.2d 17 (2007), but Vincent does not address the need to issue the appropriate admonitions when a petition brought under section 2-1401 of the Code is recast by a trial court as a postconviction petition. In Vincent, our supreme court recognized that it was permissible for the trial court to sua sponte dismiss a section 2-1401 petition without notice to the petitioner when a matter was clear on its face and the petitioner was not entitled to relief as a matter of law. Vincent, 226 Ill.2d at 12-14, 312 Ill.Dec. 617, 871 N.E.2d 17. Vincent is clearly distinguishable from this case because here, unlike in Vincent, the trial court recharacterized the section 2-1401 petition as an initial postconviction petition. Thus, this case is more akin to Shellstrom, 216 Ill.2d 45, 295 Ill.Dec. 657, 833 N.E.2d 863, where our supreme court specifically considered such a recharacterization of a petition filed under section 2-1401, determining that the petitioner must be warned of the consequences of the recharacterization and be given the opportunity to amend or withdraw it. Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863. Vincent, therefore, is not controlling here.
Contrary to the State's argument, the similarities between dismissal under Vincent and dismissal under the Act do not negate the clarity with which our supreme court has expressed that Shellstrom's admonitions are mandatory when, as here, a trial court recharacterizes a section 2-1401 petition as an initial postconviction petition. See Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863. Therefore, even though decided after Pearson and Shellstrom, Vincent does not create parity in the treatment of section 2-1401 and postconviction petitions. Rather, Vincent stated specifically that "summary dismissal" under the Act was distinct from the procedures available to dispense with a section 2-1401 petition on its face. See Vincent, 226 Ill.2d at 10-11, 312 Ill.Dec. 617, 871 N.E.2d 17.
Neither are we persuaded by the State's argument that defendant is somehow responsible for the recharacterization of his petition. The dismissal order reflects that the trial court was well aware of the statute under which the petition was filed. In its dismissal order, the trial court stated that it had reviewed the "PETITION FOR RELIEF OF JUDGMENT." Even though there may have been a postconviction petition cover sheet placed on the petition, as noted, the petition was plainly labeled as being filed under section 2-1401 of Code.
As a consequence of the trial court's recharacterization of defendant's petition, we agree that he was entitled to the admonitions mandated by Shellstrom
The Act provides a remedy for defendants to challenge their convictions or sentences based on constitutional violations. People v. Barrow, 195 Ill.2d 506, 518-19, 255 Ill.Dec. 410, 749 N.E.2d 892 (2001). But the Act contemplates the filing of only one postconviction petition without leave of court. 725 ILCS 5/122-1(f) (West 2006); People v. Balle, 379 Ill. App.3d 146, 149, 318 Ill.Dec. 152, 882 N.E.2d 1275 (2008); Escobedo, 377 Ill. App.3d at 87, 316 Ill.Dec. 45, 878 N.E.2d 767. When filing a subsequent petition, a defendant must show cause why the claim or claims were not raised in the first postconviction petition and resulting prejudice. 725 ILCS 5/122-1(f) (West 2006). Because of this higher procedural bar, "our supreme court * * * instituted certain safeguards to protect such criminal defendants from finding themselves unwitting petitioners *603 under the Act." Escobedo, 377 Ill. App.3d at 87, 316 Ill.Dec. 45, 878 N.E.2d 767. When a pleading is recharacterized as an initial postconviction petition, to prevent unfairness to the defendant, the trial court therefore:
"must (1) notify the pro se litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." (Emphasis added.) Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863.
In this case, Shellstrom required the trial court to admonish defendant that it intended to recharacterize the petition, to warn him about the effects of its recharacterization, and to give him the opportunity to amend or withdraw his pleading. See Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863. Filed under section 2-1401, defendant's "Petition for Relief of Judgment" is a cognizable action under Illinois law different from a postconviction petition. See Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863. Under Pearson, the Shellstrom rule applies to pleadings filed pursuant to section 2-1401. See Pearson, 216 Ill.2d at 67-69, 295 Ill. Dec. 621, 833 N.E.2d 827. Defendant was unquestionably entitled to the admonitions mandated by Shellstrom. We conclude, therefore, that the trial court erred when it failed to issue defendant the appropriate admonitions before it recharacterized his section 2-1401 petition as a postconviction petition under the Act.
We also conclude that the trial court's failure to issue the warnings was not harmless error. Here, although the State does not expressly argue that harmless error occurred, its argument closely mirrors such logic. In its brief, the State contends that the trial court did not err because defendant's section 2-1401 petition was so patently without merit that there was no possibility he could have won relief. The State seems to suggest that, even if the petition had been considered solely as a section 2-1401 petition, the trial court would have been correct to dismiss it sua sponte under Vincent. See Vincent, 226 Ill.2d at 12-13, 312 Ill.Dec. 617, 871 N.E.2d 17. Thus, the State urges that no error occurred when the trial court dismissed defendant's recharacterized petition as frivolous and patently without merit under the Act.
A harmless error analysis is not appropriate to resolve the omission of Shellstrom warnings. In Escobedo, 377 Ill. App.3d 82, 316 Ill.Dec. 45, 878 N.E.2d 767, the trial court similarly recharacterized the defendant's section 2-1401 petition as a postconviction petition. Conceding that the trial court improperly omitted the Shellstrom admonitions, the State nevertheless argued that the error was harmless. Escobedo, 377 Ill.App.3d at 88, 316 Ill.Dec. 45, 878 N.E.2d 767. The reviewing court rejected the State's argument, reiterating, "`the [trial] court must' provide the pro se litigant with the required admonishments." (Emphasis in original.) Escobedo, 377 Ill.App.3d at 88, 316 Ill.Dec. 45, 878 N.E.2d 767, quoting Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863. The reviewing court further noted that nothing in Shellstrom supported the conclusion that a harmless error analysis applied. Escobedo, 377 Ill. App.3d at 88, 316 Ill.Dec. 45, 878 N.E.2d 767.
It is irrelevant here whether the trial court would have had the ability to sua *604 sponte dismiss the petition under either Vincent or the Act. As noted, Vincent is inapposite because the section 2-1401 petition here was recharacterized. The instant case, however, is not about the substance or merits of defendant's petition. The question here, rather, is solely one of the procedure to which the trial court must adhere upon recharacterization. That is, when a petition is recharacterized, it is imperative that the defendant be given notice so he or she may comply with the procedural requirements of the Act. Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863.
In so holding, we decline to follow the view of the Third District in People v. Higginbotham, 368 Ill.App.3d 1137, 307 Ill.Dec. 345, 859 N.E.2d 634 (2006), that remand is not the appropriate remedy for failing to give Shellstrom's mandatory admonitions. In Higginbotham the trial court dismissed a pleading titled "Petition for Habeas Corpus" by citing the Act. Higginbotham, 368 Ill.App.3d at 1138, 307 Ill.Dec. 345, 859 N.E.2d 634. On appeal, the defendant contended that the trial court erred by failing to issue him Shellstrom's admonitions and that therefore reversal was warranted. Higginbotham, 368 Ill.App.3d at 1141, 307 Ill.Dec. 345, 859 N.E.2d 634. The reviewing court rejected his argument, holding it was not reversible error to recharacterize the defendant's pleading and to subsequently dismiss it. Higginbotham, 368 Ill.App.3d at 1142, 307 Ill.Dec. 345, 859 N.E.2d 634. The reviewing court reasoned that Shellstrom did not expressly mandate reversal for a trial court's failure to warn a defendant of its intent to recharacterize a pleading. Higginbotham, 368 Ill.App.3d at 1141-42, 307 Ill.Dec. 345, 859 N.E.2d 634. Instead, the Higginbotham court focused on Shellstrom's language, "`[i]f the [trial] court fails to do so,'" referring to the omission of its previously stated admonitions. Higginbotham, 368 Ill.App.3d at 1141-42, 307 Ill.Dec. 345, 859 N.E.2d 634, quoting Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863. The reviewing court agreed with the State's position that, rather than requiring reversal, the language meant that, if a trial court failed to give the Shellstrom notifications to a pro se litigant prior to recharacterization, then the recharacterized pleading could not be considered to have become a postconviction petition for the purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions. Higginbotham, 368 Ill.App.3d at 1141-42, 307 Ill.Dec. 345, 859 N.E.2d 634.
We depart from the approach laid down in Higginbotham, because it failed to explain why, if remand is unnecessary, our supreme court in both Shellstrom and Pearson remanded those cases to the trial court for the proper admonitions. See Shellstrom, 216 Ill.2d at 58, 295 Ill.Dec. 657, 833 N.E.2d 863; Pearson, 216 Ill.2d at 71, 295 Ill.Dec. 621, 833 N.E.2d 827. Remand has also decidedly been the remedy chosen by appellate courts reversing on grounds of Shellstrom violations. See People v. Collier, 387 Ill.App.3d 630, 632, 326 Ill.Dec. 760, 900 N.E.2d 396 (2008); Escobedo, 377 Ill.App.3d at 90, 316 Ill.Dec. 45, 878 N.E.2d 767. Had our supreme court meant that a recharacterized petition would simply not count as a first petition, it could have said so, without remanding the case to the trial court.
The Act contemplates only one first postconviction petition. See 725 ILCS 5/122-1(f) (West 2006); Balle, 379 Ill.App.3d at 149, 318 Ill.Dec. 152, 882 N.E.2d 1275. The trial court's act of recharacterizing a pleading is what, in fact, deems it as the pleading party's first postconviction petition. Out of fairness to a defendant, this is precisely why warnings are necessary. It results in a strained *605 interpretation of Shellstrom to conclude that there is one first postconviction petition for the purposes of the recharacterization, and yet another first postconviction petition to remedy the failure to properly admonish a defendant. Contra Higginbotham, 368 Ill.App.3d 1137, 307 Ill. Dec. 345, 859 N.E.2d 634. If that were the case, then the requirement to give admonitions would be rendered superfluous. Thus, not only is remand the more practical and efficient remedy, but, most important, our supreme court has said that the trial court "must" admonish a defendant. See Shellstrom, 216 Ill.2d at 57, 295 Ill.Dec. 657, 833 N.E.2d 863. We therefore determine that remand is the proper remedy to correct the trial court's omission of the recharacterization admonitions mandated by Shellstrom.
Based on our supreme court's holding in Shellstrom, 216 Ill.2d 45, 295 Ill.Dec. 657, 833 N.E.2d 863, we vacate the judgment of the trial court dismissing defendant's recharacterized section 2-1401 petition, and we remand with instructions. On remand, the trial court may proceed on the petition as a section 2-1401 petition or the trial court may recharacterize the section 2-1401 petition and admonish defendant about the effects of the recharacterization, affording him the opportunity to withdraw or to amend the pleading to include any additional postconviction claims he believes he has.
For the foregoing reasons, we vacate the judgment of the circuit court of Kane County and remand for further proceedings consistent with this opinion.
Vacated and remanded with instructions.
McLAREN and JORGENSEN, JJ., concur.