Filed 10/22/09        NO. 4-08-0788

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| RICHARD L. HOOD, | ) | No. 01CF236 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

In September 2008, defendant, Richard L. Hood, filed a pro se pleading entitled "habeas corpus petition."  Also in September 2008, the trial court dismissed defendant's pleading after recharacterizing it as a postconviction petition.  In this appeal, defendant alleges the trial court erred by not giving him the admonishments required by our supreme court in People v. Shellstrom, 216 Ill. 2d 45, 57, 833 N.E.2d 863, 870 (2005) (finding the trial court can recharacterize a pro se pleading as a postconviction petition if the court gives certain admonitions to the defendant).  We vacate the trial court's judgment and remand with directions.

I. BACKGROUND

On June 11, 2002, defendant entered a negotiated guilty plea to four counts of aggravated battery (720 ILCS 5/12-4(b)(6) (West 2000)).  Pursuant to the plea agreement, the trial court

sentenced defendant to concurrent four-year terms of imprisonment on each count to be served consecutive to terms of imprisonment defendant was already serving for offenses he committed in Brown and Adams Counties.

On September 8, 2008, defendant filed a pro se "habeas corpus petition." Defendant alleged his guilty plea was not knowingly and intelligently made because the trial court did not inform him that his consecutive sentences would be treated as one sentence for purposes of revoking his good-time credit. Further, defendant claimed he was innocent of the instant charges.

On September 14, 2008, the trial court issued a "summary order dismissing petition for post-conviction relief." In its order, the court stated that although defendant entitled his petition as a "habeas corpus petition," defendant was seeking to withdraw his guilty plea and therefore the court treated defendant's petition as a postconviction petition. The court then dismissed defendant's petition after finding it was frivolous and without merit because defendant (1) had been properly admonished of his appeal rights at the time he pleaded guilty, (2) did not file a timely motion to withdraw his guilty plea or otherwise appeal his conviction, (3) did not file his petition in time, and (4) failed to set forth any basis to withdraw his guilty plea.

This appeal followed.

## II. ANALYSIS

On appeal, defendant's sole contention is that this case must be remanded because the trial court erred in treating his pro se habeas corpus petition as a postconviction petition without first admonishing him in accordance with Shellstrom, 216 Ill. 2d at 57, 833 N.E.2d at 870. The State concedes the trial court failed to comply with the procedures set forth in Shellstrom, but maintains that this case need not be remanded and urges this court to follow the Third District's approach in People v. Higginbotham, 368 Ill. App. 3d 1137, 859 N.E.2d 634 (2006). The Higginbotham court affirmed the trial court's decision to recharacterize the defendant's habeas corpus petition as a first postconviction petition even though the trial court did not give the defendant the admonishments set forth in Shellstrom. However, the court also stated "the pleadings cannot be considered to have become a postconviction petition for purposes of applying the restrictions on successive postconviction petitions contained in the Post-Conviction Hearing Act [(Act) (725 ILCS 5/122-1 through 122-8 (West 2002))]to any later pleadings." Higginbotham, 368 Ill. App. 3d at 1142, 859 N.E.2d at 638. We agree with defendant.

In Shellstrom, our supreme court reaffirmed "that, where a pro se pleading alleges a deprivation of rights cognizable in a postconviction proceeding, a trial court may treat the pleading as a postconviction petition, even where the pleading is

- 3 -

labeled differently." Shellstrom, 216 Ill. 2d at 52-53, 833 N.E.2d at 868.  However, the court also noted that the "obstacles standing in the way of filing a successive postconviction petition are not easy to overcome." Shellstrom, 216 Ill. 2d at 55, 833 N.E.2d at 869-70.  This is because the Act only contemplates the filing of one postconviction petition without receiving leave from the trial court.  725 ILCS 5/122-1(f) (West 2008).  In order to be given leave to file a subsequent (or successive) postconviction petition, a defendant must satisfy the cause-and-prejudice test codified in section 122-1(f) of the Act.  See 725 ILCS 5/122-1(f) (West 2008) (the defendant must show (1) cause why the new claim or claims were not raised in the initial postconviction petition and (2) resulting prejudice).  This standard is difficult to meet.  Shellstrom, 216 Ill. 2d at 55-56, 833 N.E.2d at 870.  Therefore, the Shellstrom court held that if a trial court is going to recharacterize a pro se pleading labeled as a different action cognizable under Illinois law as a first postconviction petition, the trial court must do the following:

> "(1) notify the pro se litigant that the
> court intends to recharacterize the pleading,
> (2) warn the litigant that this recharacter-
> ization means that any subsequent postcon-
> viction petition will be subject to the re-

strictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has."  Shellstrom, 216 Ill. 2d at 57, 833 N.E.2d at 870.

In Shellstrom, the defendant had "not been given an opportunity to withdraw his pleading or to amend it to include whatever additional postconviction claims he [thought] fit."  Shellstrom, 216 Ill. 2d at 57-58, 833 N.E.2d at 871.  Accordingly, the supreme court vacated the circuit court's judgment summarily dismissing the defendant's pleading entitled "'Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea,'" and remanded with directions to the circuit court to provide defendant the opportunity to withdraw his pleading, or in the alternative, to amend it to include any additional postconviction claims the defendant believed he had.  Shellstrom, 216 Ill. 2d at 58, 833 N.E.2d at 871.

In Higginbotham, the defendant filed a pro se pleading entitled "'Petition for Habeas Corpus.'"  Higginbotham, 368 Ill. App. 3d at 1140, 859 N.E.2d at 637.  The trial court recharacterized the pleading as a postconviction petition and

- 5 -

dismissed it as frivolous and patently without merit. Higginbotham, 368 Ill. App. 3d at 1140, 859 N.E.2d at 637. On appeal, the defendant argued the trial court erred by dismissing his pleading because the court never gave him the admonishments required by Shellstrom. Higginbotham, 368 Ill. App. 3d at 1141, 859 N.E.2d at 637. The State argued that Shellstrom merely held "that if the trial court fails to give the Shellstrom notifications to the pro se litigant prior to recharacterization, then the recharacterized pleading cannot be considered to have become a postconviction petition for purposes of applying restrictions on successive postconviction petitions to later pleadings." Higginbotham, 368 Ill. App. 3d at 1141, 859 N.E.2d at 638. The Higginbotham court sided with the State and held it was not error to recharacterize and dismiss the defendant's pleading. Higginbotham, 368 Ill. App. 3d at 1141, 859 N.E.2d at 638. However, the court also stated "that since the trial court did not notify as required by Shellstrom, the pleadings cannot be considered to have become a postconviction petition for purposes of applying the restrictions on successive postconviction petitions contained in the [Act] to any later pleadings." Higginbotham, 368 Ill. App. 3d at 1142, 859 N.E.2d at 638.

In People v. Caliendo, 391 Ill. App. 3d 847, 847, 910 N.E.2d 598, 600 (2009), the defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401

(West 2006)).  The trial court summarily dismissed the pleading after recharacterizing it as a postconviction petition without giving the defendant the admonishments required by Shellstrom.  Caliendo, 391 Ill. App. 3d at 847-48, 910 N.E.2d at 600.  The Second District declined to follow the Higginbotham court's view that remand was not the appropriate remedy "because [the Higginbotham court] failed to explain why, if remand is unnecessary, our supreme court" remanded Shellstrom to the trial court for the proper admonitions.  Caliendo, 391 Ill. App. 3d at 853, 910 N.E.2d at 604.  The court stated, "[h]ad our supreme court meant that a recharacterized petition would simply not count as a first petition, it could have said so, without remanding the case to the trial court."  Caliendo, 391 Ill. App. 3d at 853, 910 N.E.2d at 604.  The court then determined that remand is the proper remedy to correct the trial court's failure to give the recharacterization admonishments required by Shellstrom.  Caliendo, 391 Ill. App. 3d at 853, 910 N.E.2d at 605.

        We agree with the Caliendo court's analysis that if the supreme court thought the appropriate remedy to correct the trial court's failure to give the Shellstrom admonishments when recharacterizing a pro se pleading as a postconviction petition was to simply not count it as a first postconviction petition there would have been no reason for the Shellstrom court to remand that case to the trial court.  Further support for this

- 7 -

decision is the First District's decision in People v. Escobedo, 377 Ill. App. 3d 82, 878 N.E.2d 767 (2007), a case cited by the Caliendo court. In Escobedo, the State argued the trial court's failure to provide the defendant with the Shellstrom admonishments was harmless error. Escobedo, 377 Ill. App. 3d at 88, 878 N.E.2d at 773. The court rejected the State's argument that a trial court's decision to dismiss a pleading it recharacterized as a postconviction petition without giving the defendant the Shellstrom admonishments is subject to a harmless-error analysis and concluded the admonishments are mandatory. Escobedo, 377 Ill. App. 3d at 88, 878 N.E.2d at 773.

### III. CONCLUSION

For the reasons stated, the trial court's judgment dismissing defendant's recharacterized habeas corpus petition is vacated. This matter is remanded to the trial court with instructions to afford the defendant an opportunity to withdraw his pro se pleading or, in the alternative, to amend it to include any additional postconviction claims he believes he has. Notably, while trial courts have the authority to recharacterize a defendant's pro se pleading as a postconviction petition, "trial courts should be hesitant to use this authority and do so only in 'unusual and compelling circumstances.'" People v. Holliday, 369 Ill. App. 3d 678, 681, 867 N.E.2d 1016, 1019 (2007), quoting People v. Purnell, 356 Ill. App. 3d 524, 529, 825 N.E.2d 1234,

- 8 -

1238 (2005).

Vacated and remanded with directions.

APPLETON, J., concurs.

STEIGMANN, J., specially concurs.

JUSTICE STEIGMANN, specially concurring:

Although I agree with the majority, I write specially to point out that this case constitutes yet another instance of "no good deed going unpunished." The trial court no doubt thought it was accommodating defendant's real intent, which was to challenge the legitimacy of his guilty plea, by turning his habeas corpus petition into a postconviction petition. The court took this action because it was aware that defendant's claims

- 9 -

about the legitimacy of his guilty plea were not cognizable in a habeas corpus petition.  Nonetheless, as this court's opinion shows, the trial court's recharacterization of defendant's habeas corpus petition was unwise, although well-intentioned.

Since the enactment of section 122-1(d) of the Act, which became effective January 1, 1997, "no case has held that a trial court erred by failing to recharacterize a defendant's petition as a postconviction petition."  Holliday, 369 Ill. App. 3d at 681, 867 N.E.2d at 1019.  Yet, in this case and several others, including Shellstrom, reversals have occurred because trial courts recharacterized defendants' pleadings into postconviction petitions but did so inappropriately.

Trial courts would be well advised to rethink the wisdom of ever recharacterizing a pleading into a postconviction petition under the Act and, as this court emphasizes yet again, should "'do so only in "unusual and compelling circumstances."' [Citations.]" Slip op. at 8.