NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250189-U

NOS. 4-25-0189, 4-25-0190 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 6, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henderson County |
| TERRANCE L. CLOPTON, | ) | No. 21CF3 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Raymond A. Cavanaugh, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court vacated the trial court's dismissals of defendant's petitions and remanded the cause where the court erroneously recharacterized defendant's petitions for postjudgment relief as postconviction petitions without admonishing defendant pursuant to *People v. Shellstrom*, 216 Ill. 2d 45, 53 (2005).

¶ 2     Defendant, Terrance L. Clopton, was convicted in September 2022 of home invasion (720 ILCS 5/19-6(a)(3) (West 2020)), aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2020)), and unlawful possession of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2020)). In 2024, he filed several petitions for postjudgment relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), which the trial court dismissed under the standards applicable to postconviction petitions. On appeal, defendant argues the court erred in recharacterizing his section 2-1401 petitions as postconviction petitions without admonishing him about the consequences of doing so or allowing him the opportunity to amend

or withdraw his pleadings. For the following reasons, we vacate the trial court's judgment dismissing defendant's petitions for postjudgment relief and remand to the trial court to provide the appropriate admonishments pursuant to *People v. Shellstrom*, 216 Ill. 2d 45, 53 (2005).

¶ 3                                    I. BACKGROUND

¶ 4            Defendant was initially charged in January 2021. In an amended information filed on September 12, 2022, defendant was charged with (1) attempted first degree murder (720 ILCS 5/5-8-4, 9-1(a)(1) (West 2020)), (2) home invasion (720 ILCS 5/19-6(a)(3) (West 2020)), (3) aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2020)), and (4) unlawful possession of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2020)). Following a bench trial on September 12 and 13, 2022, the trial court found defendant guilty of home invasion, aggravated discharge of a firearm, and unlawful possession of weapons by a felon, but acquitted him of attempted first degree murder. The court sentenced defendant to a total of 37 years in prison. Defendant appealed, and this court allowed his appellate counsel's motion to withdraw and affirmed the judgment. *People v. Clopton*, 2024 IL App (4th) 230213-U.

¶ 5            On July 8, 2024, defendant filed a "Petition for Post-Judgment Relief" pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2024)), arguing that section 24-1.1(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.1(a) (West 2020)), concerning unlawful possession of weapons by a felon, was declared unconstitutional by the Illinois Supreme Court in *People v. Burns*, 2015 IL 117387, and *People v. Aguilar*, 2013 IL 112116, and the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). On August 13, 2024, defendant filed an "Amended Petition for Post-Judgement Relief" on the same grounds.

¶ 6            The trial court held a status hearing on defendant's petitions on September 4, 2024. The court asked if defendant would like counsel to assist him in preparing "whatever motion [he

would] prefer to file." Defendant said he would, and the court appointed counsel. At a status hearing on September 25, 2024, the court stated that this is the "first appearance with [counsel] with [defendant] on his post-conviction petition to decide whether he wants to re-categorize it or amend it in any way, shape, or form since this is his first post-conviction [petition]." Counsel explained that defendant would like some amendments to be made.

¶ 7 On December 3, 2024, defendant filed another "Amended Petition for Post-Judgement Relief" based on newly discovered information that some evidence in a police report was fabricated and fraudulently concealed.

¶ 8 On January 2, 2025, the State filed a motion to dismiss all three of defendant's petitions for postjudgment relief. The State contended, as to the July and August 2024 petitions, that defendant "failed to make a substantial showing that his constitutional rights [had] been violated" and, as to the December 2024 petition, that defendant's "claim [did] not involve newly discovered evidence and the evidence that [was] put forth [was] not of a material or conclusive nature such that it would require Defendant to receive a new trial in this matter."

¶ 9 On January 29, 2025, the trial court entered an order dismissing defendant's December 3, 2024, petition for postjudgment relief based on newly discovered information. The court analyzed the petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) and found that defendant's petition was "frivolous and *** patently without merit."

¶ 10 The trial court held a hearing on defendant's July and August 2024 petitions on February 24, 2025. The court began the hearing by explaining to defendant, with respect to the December 3, 2024, petition it had recently dismissed, that proceedings on postconviction petitions may involve three stages. The court further explained that it dismissed defendant's petition at the first stage "because it did not bring any new information to it, it did not rise to the level of having

any merit." The State then presented argument on its motion to dismiss defendant's July 8 and August 13, 2024, petitions. Defense counsel stood on defendant's *pro se* petitions. The court explained that it

> "received [defendant's] July 8th filing, allowed [him] to amend it in which [he] did on August 13th of last year, and I appointed an attorney to represent [him]. In other words, I passed it from that first stage to the second stage basically because of the allegation of the statute being found unconstitutional."

The court noted that it appointed counsel for defendant at the second stage of postconviction proceedings. The court ultimately found that the State's motion to dismiss was "well-taken," as case law clearly established that there was no basis for defendant's claim that the statute under which he was convicted was unconstitutional.

¶ 11 Defendant interjected that he "would admonish though the change of [his] petition," as the trial court "changed it to a post-conviction petition, but [he] filed it pursuant to [section] 2[-]1401" and now wanted to "amend [his] petition to a post-conviction petition to put constitutional claims inside the petition." The court stated, "Well, that's the venue from which we have to proceed, and so you know your rights on appeal." The following exchange then occurred:

> "[DEFENDANT]: One more question. You denied that post-conviction petition?
>
> THE COURT: I denied the petitions that were filed.
>
> [DEFENDANT]: But you said a post-conviction?
>
> THE COURT: Yes.
>
> [DEFENDANT]: But this wasn't a post-conviction. It was a post-judgment relief.

THE COURT: And I'm denying that as well, just to be clear. All your motions are denied."

¶ 12    On February 26, 2025, the trial court entered a written order stating that the court "previously advanced the defendant's July 8, 2024, and August 13, 2024, filings to the second stage of postconviction proceedings and appointed attorney Blaise Rogers to represent the defendant." The court found that "defendant has failed to make a substantial showing of a constitutional violation" and therefore dismissed both of defendant's petitions.

¶ 13    This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant argues the trial court erred in recharacterizing his section 2-1401 petitions as postconviction petitions without admonishing him about the consequences of doing so or allowing him the opportunity to amend or withdraw his pleadings.

¶ 16    A petition for relief from judgment under section 2-1401 of the Code authorizes "a trial court to vacate or modify a final order or judgment in civil and criminal proceedings" and is "an independent and separate action from the original action." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. A section 2-1401 petition may "be used to challenge a purportedly defective judgment for legal reasons." (Internal quotation marks omitted.) *Warren County*, 2015 IL 117783, ¶ 31. A petition "that raises a purely legal challenge to a judgment by alleging that it is void under subsection (f) of section 2-1401" is reviewed by an appellate court *de novo*. *Warren County*, 2015 IL 117783, ¶ 47.

¶ 17    Alternately, a defendant may file a petition under the Act to "challenge his conviction or sentence for violations of federal or state constitutional rights." *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). A defendant is entitled to postconviction relief if he can "show that he

has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged." *Pendleton*, 223 Ill. 2d at 471. There are three stages of postconviction proceedings. At the first stage, the trial court reviews the petition independently and determines whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2024). If the court does not summarily dismiss the petition, the matter proceeds to a second stage, at which "the defendant bears the burden of making a substantial showing of a constitutional violation." *Pendleton*, 223 Ill. 2d at 473. The State must answer or move to dismiss the petition within 30 days of advancing to the second stage or within such further time as the court may set. 725 ILCS 5/122-5 (West 2024). If the petition is not dismissed, the proceeding advances to the third stage, where the defendant may present evidence in support of the petition. 725 ILCS 5/122-6 (West 2024).

¶ 18        These two vehicles to challenge a final order are distinct. However, the label given to a pleading by a *pro se* defendant is not strictly controlling. "[W]here a *pro se* pleading alleges a deprivation of rights cognizable in a postconviction proceeding, a trial court may treat the pleading as a postconviction petition, even where the pleading is labeled differently." *Shellstrom*, 216 Ill. 2d at 53. This court has previously noted that although courts have the authority to recharacterize pleadings, they "should be hesitant to use this authority and do so only in 'unusual and compelling circumstances.' " *People v. Holliday*, 369 Ill. App. 3d 678, 681 (2007) (quoting *People v. Purnell*, 356 Ill. App. 3d 524, 529 (2005)).

¶ 19        If a trial court decides to recharacterize a *pro se* pleading as a first postconviction petition, a defendant "ought to be given notice." *Shellstrom*, 216 Ill. 2d at 57; see *People v. Pearson*, 216 Ill. 2d 58, 67 (2005). This is critical, as the Act generally allows only a single postconviction petition to be filed without receiving leave from the trial court. *Shellstrom*, 216 Ill.

2d at 56. If a defendant was not appropriately notified of the court's recharacterization and its consequences, "the pleading that was transformed into the litigant's first postconviction petition would present only those arguments that the litigant had chosen to include before realizing that he was, in effect, filing a postconviction petition," and thus, "[a]ny additional arguments that the litigant might have included in a first postconviction petition would be barred from successive petitions unless the litigant could demonstrate cause for failing to bring them *and* prejudice resulting from that failure." (Emphasis in original.) *Shellstrom*, 216 Ill. 2d at 56. To prevent this, the Illinois Supreme Court has established that

> "when a circuit court is recharacterizing as a first postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has. If the court fails to do so, the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." *Shellstrom*, 216 Ill. 2d at 57.

"We review *de novo* the question of whether the trial court has used the proper procedure." *People v. Corredor*, 399 Ill. App. 3d 804, 806 (2010).

¶ 20    The ultimate issue here, as reinforced by our supreme court's reasoning for requiring *Shellstrom* admonishments, is not whether defendant's petitions would have succeeded

on their merits under section 2-1401 but whether the trial court properly recharacterized them as postconviction petitions for purposes of any future successive postconviction proceedings. See *People v. Caliendo*, 391 Ill. App. 3d 847, 852 (2009) ("The instant case, however, is not about the substance or merits of defendant's petition" but rather about "the procedure to which the trial court must adhere upon recharacterization."). This court has previously held that a court's failure to give *Shellstrom* admonishments is not subject to harmless-error analysis. *People v. Hood*, 395 Ill. App. 3d 584, 588 (2009). Notably, the State does not address on appeal whether it would consider any future postconviction petitions to be successive and therefore barred without leave of court. We cannot simply address the merits of defendant's section 2-1401 petitions and ignore the important ramifications of this decision on defendant's future recourse. See *People v. Clemons*, 2023 IL App (1st) 192169, ¶ 34 ("It would be impossible to argue that the record below is clear. If we affirm the dismissal, all anyone who looks at the trial court records will see is the simple affirmance of a denial of a postconviction petition.") Thus, the appropriate remedy to correct a trial court's failure to give *Shellstrom* admonishments is not to "simply not count [a petition] as a first postconviction petition" but to vacate the court's judgment and remand "with instructions to afford the defendant an opportunity to withdraw his *pro se* pleading or, in the alternative, to amend it to include any additional postconviction claims he believes he has." *Hood*, 395 Ill. App. 3d at 588.

¶ 21 Here, the trial court clearly recharacterized defendant's section 2-1401 petitions as postconviction petitions. The court dismissed defendant's December 3, 2024, petition for being "frivolous and *** patently without merit," which is the legal standard for dismissing a postconviction petition at the first stage of postconviction proceedings. See 725 ILCS 5/122-2.1(a)(2) (West 2024). As to the July and August 2024 petitions, the court expressly stated that it had "passed [them] from that first stage to the second stage," appointed counsel as part of

- 8 -

second-stage postconviction proceedings, and dismissed the petitions because "defendant [had] failed to make a substantial showing of a constitutional violation," which is a defendant's burden at the second stage of postconviction proceedings under the Act. See *Pendleton*, 223 Ill. 2d at 473. We disagree with the State's contention that the court also dismissed the petitions under section 2-1401 just because defendant attempted to correct the court at the February 24, 2025, hearing and the court stated, without analyzing the petitions under section 2-1401, that it was "denying that as well." Because the court clearly analyzed the petitions under the applicable standards from the Act, the court recharacterized them as postconviction petitions.

¶ 22       As a result, defendant was entitled to the admonishments required by *Shellstrom*. However, he did not get them. The trial court arguably gave parts one and three of the admonishments when it stated at the hearing on September 25, 2024, that it was the "first appearance with [counsel] with [defendant] on his post-conviction petition to decide whether he wants to re-categorize it or amend it in any way, shape, or form since this [was] his first post-conviction." However, the court never informed defendant of part two, that "this recharacterization [meant] that any subsequent postconviction petition [would] be subject to the restrictions on successive postconviction petitions." *Shellstrom*, 216 Ill. 2d at 57. The court's admonishments were therefore insufficient.

¶ 23       Because the trial court failed to give defendant the appropriate admonishments prior to recharacterizing his section 2-1401 petitions as postconviction petitions, we must vacate the trial court's judgments from January 29, 2025, and February 26, 2025, dismissing defendant's three petitions for postjudgment relief and remand to the trial court to admonish defendant pursuant to *Shellstrom*.

¶ 24 Because this issue could have been easily avoided yet now requires a remand, we reemphasize what this court has stated on previous occasions: "[N]o case has held that a trial court erred by failing to recharacterize a defendant's petition as a postconviction petition," but in several cases, "reversals have occurred because trial courts recharacterized defendants' pleadings into postconviction petitions but did so inappropriately." (Internal quotation marks omitted.) *Hood*, 395 Ill. App. 3d at 589 (Steigmann, J., specially concurring). Consequently, "[t]rial courts would be well advised to rethink the wisdom of ever recharacterizing a pleading into a postconviction petition under the Act and, as this court emphasizes yet again, should do so only in unusual and compelling circumstances." (Internal quotation marks omitted.) *Hood*, 395 Ill. App. 3d at 589.

¶ 25 III. CONCLUSION

¶ 26 For the reasons stated, we vacate the trial court's judgments and remand with directions to admonish defendant pursuant to *Shellstrom* and allow defendant the opportunity to withdraw or amend his *pro se* pleadings.

¶ 27 Vacated and remanded with directions.