Docket No. 97831–Agenda 7–November 2004.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DANIEL R. SHELLSTROM, Appellee.

Opinion filed July 21, 2005.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

Defendant, Daniel Shellstrom, was indicted in the circuit court of Du Page County on eight felony counts stemming from an incident that took place in Naperville on August 15, 1994. The indictment charged defendant with three counts of home invasion (720 ILCS 5/12–11(a)(2) (West 1994)), three counts of aggravated criminal sexual assault (720 ILCS 5/12–14(b)(1) (West 1994)), and two counts of residential burglary (720 ILCS 5/19–3(a) (West 1994)). Defendant entered into a plea agreement with the State. Under the terms of this agreement, defendant pleaded guilty to one count of home invasion and two counts of aggravated criminal sexual assault, and the State nol-prossed the remaining counts. The circuit court sentenced defendant to 13 years’ imprisonment for home invasion and 6 years’ imprisonment for each of the two aggravated criminal sexual assault counts, with all three sentences to be served consecutively. Defendant moved for a reduction in his sentence, and the circuit court denied the motion. On direct appeal, the appellate court affirmed defendant’s convictions and sentence. 
People v. Shellstrom
, 294 Ill. App. 3d 1114 (1998) (unpublished order under Supreme Court Rule 23). Four years later, defendant filed, 
pro se
, a document entitled “Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea.” The circuit court treated the pleading as a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 
et seq
. (West 2002)) and summarily dismissed it, finding that it was patently without merit. Defendant appealed from the circuit court’s summary dismissal of his pleading, and the appellate court reversed and remanded for further proceedings. 345 Ill. App. 3d 175. We affirm the judgment of the appellate court, for different reasons, and we vacate the judgment of the circuit court and remand with instructions.

BACKGROUND

As the basis for his guilty plea, defendant stipulated to the following facts. On the evening of August 15, 1994, defendant was walking in a residential neighborhood in Naperville when he looked in the bedroom window of a home and saw a woman standing naked. Defendant climbed a trellis that led to the second-story bedroom window, cut the screen off the window, removed all of his clothing, and entered the home. Once inside, defendant found himself in the master bedroom. Defendant moved to the next room and crouched beside a bed where a four-year-old girl was sleeping. When the girl’s 11-year-old sister entered the room, defendant approached her, pulled her shirt up over her face, laid her on her back, pulled her pants down, and sexually assaulted her. Defendant then led the girl downstairs and again assaulted her. He told the girl to open the front door for him, and, still naked, he left the residence.

During the hearing on defendant’s guilty plea, the circuit court admonished defendant that each of the three counts to which he was pleading guilty was a Class X felony which carried a sentence of 6 to 30 years in prison. The court further admonished defendant that his sentences for these three counts would be served consecutively. The court added that defendant’s sentences would be followed by a three-year period of mandatory supervised release (MSR). Defendant indicated that he understood these admonishments.

With regard to the two counts of aggravated criminal sexual assault, the court sentenced defendant to six years’ imprisonment on each of these counts. An additional sentence of 13 years’ imprisonment was imposed for home invasion, bringing defendant’s total sentence to 25 years, plus the three years of MSR. In June 1995 defendant moved for a reduction in his sentence, and the circuit court denied the motion. Defendant’s convictions and sentence were affirmed on appeal. No. 2–95–0794 (unpublished order under Supreme Court Rule 23).

In May 2002 defendant, appearing 
pro se
, filed a pleading entitled “Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea.” “Respondents” listed in the pleading were “DONALD N. SNYDER, Director of Illinois Department of Corrections,” and the “PRISON REVIEW BOARD.”

In the pleading, defendant alleged that (1) the circuit court never informed him of the three-year MSR period and (2) the judgment order made no mention of an MSR term. According to defendant, he only “recently learned from his place of confinement that[,] following his completion of the [j]udicially imposed sentence, he would have to serve a 3-year term of MSR.” Defendant argued that the alleged failure to inform him of the MSR term resulted in a violation of his constitutional right to due process. Defendant argued in addition that the MSR term was imposed by the administrators of the prison where he was confined, not by the circuit court, and therefore violated the separation of powers clause of the Illinois Constitution. Ill. Const. 1970, art. II, §1. In a related argument, defendant contended that the allegedly non-judicially-imposed MSR term was unconstitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant also argued that, under the relevant statute (730 ILCS 5/5–8–1(d) (West 1994)), the MSR term was to run 
concurrently
 with the prison sentence, not 
consecutive
 to it. As relief, defendant asked that the judgment orders be amended to show that he was not required to serve the MSR term.

The circuit court treated the pleading as a postconviction petition pursuant to the Act, and summarily dismissed it, finding that it was “patently without merit.” 725 ILCS 5/122–2.1(a)(2) (West 2002). Defendant was not present and had no notice and no opportunity to respond to the circuit court’s dismissal of his complaint.

Defendant appealed, arguing that the circuit court erred in treating his pleading as a postconviction petition and summarily dismissing it. Defendant conceded that his pleading, if construed as a motion to reduce sentence, would have been untimely. 188 Ill. 2d R. 604(d). However, defendant noted that his pleading was titled, alternatively, as an action under the 
mandamus 
statute. Thus, defendant argued, his pleading should have been treated as a motion for 
mandamus 
relief. Defendant further asserted that there was no provision in the 
mandamus 
statute for summary dismissal. The appellate court agreed with defendant that there was no provision in the 
mandamus 
statute authorizing summary dismissal of a 
mandamus 
complaint. According to the appellate court, the circuit court should have followed the procedure outlined in the 
mandamus 
statute, under which the nonmoving party is required to answer or otherwise plead, and the moving party may then respond. The appellate court held that “[t]he trial court committed reversible error when it failed to follow these statutory provisions and instead summarily dismissed defendant’s complaint.” 345 Ill. App. 3d at 177. The appellate court reversed and remanded.

We granted the State’s petition for leave to appeal pursuant to Supreme Court Rule 315 (177 Ill. 2d R. 315).

ANALYSIS

Before this court, defendant argues, as he did before the appellate court, that his pleading should have been treated as a 
mandamus 
complaint and not as a postconviction petition. Defendant concedes that, where a 
pro se 
pleading is 
unlabeled
, a trial court may properly recharacterize it as a postconviction petition. However, defendant emphasizes that his pleading in the case at bar “specifically invoked the mandamus statute and never referred to the Post-Conviction Hearing Act.” According to defendant, where a 
pro se 
pleading is clearly labeled, it should not be recharacterized as a postconviction petition. To do so, defendant argues, deprives a 
pro se 
litigant of his choice of procedural vehicle. Quoting from Justice Scalia’s partial concurrence in 
Castro v. United States
, 540 U.S. 375, 386, 157 L. Ed. 2d 778, 789, 124 S. Ct. 786, 794 (2003) (Scalia, J., concurring in part and concurring in the judgment, joined by Thomas, J.), defendant contends that the recharacterization of a clearly labeled pleading “essentially amounts to a ‘paternalistic judicial exception to the principle of party self-determination.’ ” Defendant argues that, in the case at bar, his choice of the procedural vehicle of 
mandamus
 should have been respected. We disagree.

Under our precedent, it is well settled that, where a 
pro se
 pleading alleges a deprivation of constitutional rights cognizable under the Act, a trial court may treat the pleading as a postconviction petition. 
People v. Pinkonsly
, 207 Ill. 2d 555, 566 (2003); 
People ex rel. Palmer v. Twomey
, 53 Ill. 2d 479, 484 (1973). Moreover, contrary to defendant’s argument, such recharacterization is allowed even where the 
pro se 
pleading is clearly labeled. In 
Palmer 
we stated:

“It is apparent that the same lack of legal knowledge which causes a prisoner to draft an inadequate post-conviction petition might result in his selecting the wrong method of collaterally attacking his conviction. A salutary result, consistent with the intent of the Post-Conviction Hearing Act as expressed in [
People v.
] 
Slaughter
[, 39 Ill. 2d 278 (1968)], would be achieved if the circuit court, upon finding that a 
pro se
 petition, 
however labeled
, and however inartfully drawn, alleged violations of the petitioner’s rights cognizable in a post-conviction proceeding, would thereafter, for all purposes, treat it as such.” (Emphasis added.) 
Palmer
, 53 Ill. 2d at 484.

See also 
Sarkissian v. Chicago Board of Education
, 201 Ill. 2d 95, 102 (2002) (it is a motion’s substance, not its title, that determines the motion’s character).

There are good reasons for allowing a circuit court to recharacterize in such circumstances. First, recharacterization enables the issues to be properly framed. 
Palmer
, 53 Ill. 2d at 484; see also 
Castro
, 540 U.S. at 381-82, 157 L. Ed. 2d at 786-87, 124 S. Ct. at 791-92 (explaining that one reason for recharacterization is “to create a better correspondence between the substance of a 
pro se 
motion’s claim and its underlying legal basis”). Second, recharacterization avoids the possible harshness of holding a 
pro se 
litigant to the letter of whatever label he happens to affix to his pleading, even when his claims are such that they could more appropriately be dealt with under a different heading. See 
Sarkissian
, 201 Ill. 2d at 102. As previously noted, defendant in the case at bar argues that a party’s choice of procedural vehicle must be respected, even where the party is acting 
pro se
. While we acknowledge the general principle that “ ‘the party who brings a suit is master to decide what law he will rely upon’ ” (
Castro
, 540 U.S. at 386, 157 L. Ed. 2d at 789, 124 S. Ct. at 794 (Scalia, J., concurring in part and concurring in the judgment, joined by Thomas, J.), quoting 
The Fair v. Kohler Die & Specialty Co.
, 228 U.S. 22, 25, 57 L. Ed. 716, 717, 33 S. Ct. 410, 411 (1913)), we do not believe that this principle necessarily applies with full force in every situation involving a 
pro se 
litigant. As we noted in 
Palmer
, a 
pro se 
litigant’s lack of legal knowledge “might result in his selecting the wrong method of collaterally attacking his conviction.” 
Palmer
, 53 Ill. 2d at 484.

A third reason for sometimes recharacterizing a 
pro se 
pleading as a postconviction petition is illustrated in the case before us. Because defendant’s pleading was treated as a postconviction petition and dismissed pursuant to the Act, defendant was provided with appellate counsel to assist him in appealing the dismissal. 725 ILCS 5/122–2.1(2), 122–7 (West 2002); 134 Ill. 2d R. 651(c). Defendant would not have been eligible for such assistance from appointed counsel if his pleading had been treated as a 
mandamus
 complaint.

In conformity with our precedent, we reaffirm that, where a 
pro se 
pleading alleges a deprivation of rights cognizable in a postconviction proceeding, a trial court may treat the pleading as a postconviction petition,
(footnote: 1) even where the pleading is labeled differently. We reject the argument that a clearly labeled 
pro se 
pleading must be treated in accordance with its label, regardless of the substance of the pleading. See 
Sarkissian
, 201 Ill. 2d at 102.

Defendant argues, in addition, that even if a clearly labeled 
pro se 
pleading may properly be treated as a postconviction petition, the circuit court erred in the case at bar because the recharacterization of defendant’s pleading was done summarily, without giving defendant notice or an opportunity to respond. Defendant points for support to 
Castro v. United States
, 540 U.S. 375, 157 L. Ed. 2d 778, 124 S. Ct. 786 (2003).

In 
Castro
, similar to the case at bar, the Court addressed the propriety of a district court’s recharacterization of a federal prisoner’s 
pro se 
motion. The pleading was labeled by the prisoner as a Rule 33 (Fed. R. Crim. P. 33) motion for a new trial, but the district court treated it as a motion for 
habeas corpus 
relief under 28 U.S.C. §2255 and denied the pleading on the merits. As a result, when the prisoner subsequently filed what he called a §2255 motion, it was dismissed for failure to meet one of the requirements for filing a second or successive §2255 motion. The court of appeals affirmed, but urged district courts in the future to “ ‘warn prisoners of the consequences of recharacterization and provide them with the opportunity to amend or dismiss their filings.’ ” 
Castro
, 540 U.S. at 379, 157 L. Ed. 2d at 785, 124 S. Ct. at 790, quoting 
Castro v. United States
, 290 F.3d 1270, 1274 (11th Cir. 2002).

The Supreme Court in 
Castro 
took the court of appeals’ suggestion to heart. The Court noted that nine other circuit courts of appeals, including the Seventh Circuit, had recognized that, “by recharacterizing as a first §2255 motion a 
pro se 
litigant’s filing that did not previously bear that label, [a] court may make it significantly more difficult for that litigant to file another such motion.” 
Castro
, 540 U.S. at 382, 157 L. Ed. 2d at 787, 124 S. Ct. at 792. These nine circuits placed limitations on such recharacterization, and the Supreme Court in 
Castro 
did likewise. Exercising its supervisory powers over the federal judiciary, the Court held:

“The limitation applies when a court recharacterizes a 
pro se 
litigant’s motion as a first §2255 motion. In such circumstances the district court must notify the 
pro se 
litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent §2255 motion will be subject to the restrictions on ‘second or successive’ motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the §2255 claims he believes he has.” 
Castro
, 540 U.S. at 383, 157 L. Ed. 2d at 787, 124 S. Ct. at 792.

With regard to the case before it, the Court in 
Castro 
concluded that the prisoner’s “Rule 33” motion could not be considered a first §2255 motion, and his subsequent “§2255” motion therefore was not a second or successive §2255 motion. The Court vacated the judgment of the court of appeals, and remanded the cause for further proceedings.

In the case at bar, the State argues that 
Castro 
is inapposite. The State appears to contend that, while the restrictions imposed in 
Castro 
might be necessary to limit the recharacterization of federal pleadings as §2255 motions, the situation is different with regard to Illinois recharacterizations of 
pro se 
pleadings as petitions for postconviction relief. The State’s rationale appears to be that any obstacles faced by Illinois litigants when filing successive postconviction petitions are not as great as those encountered by federal prisoners when filing successive §2255 motions. Under this rationale, a federal prisoner would have more at stake than would an Illinois litigant if a recharacterization summarily deprived him of his ability to file a successive pleading. Therefore, according to this rationale, the federal prisoner was more in need of limitations on recharacterization than was the Illinois litigant.

The State asserts:

“Although the Post-Conviction Hearing Act contemplates the filing of only one petition, it also provides a ‘safety valve’ for the filing of subsequent petitions in 
unique 
circumstances. *** If a prisoner can demonstrate cause for his failure to raise a claim in his earlier post-conviction proceeding and prejudice resulting therefrom, a subsequent petition is permitted under the statute.” (Emphasis added.)

We find this argument unpersuasive. In our view, the obstacles standing in the way of filing a successive postconviction petition are not easy to overcome. The cause-and-prejudice test to which the State refers is likely as difficult to meet as are the conditions required for filing a second or successive §2255 motion. The cause-and-prejudice test is, as the State acknowledges, codified in subsection (f) of section 122–1 of the Act. Subsection (f), which was added on January 1, 2004, states:

“Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process.” 725 ILCS 5/122–1(f) (West Supp. 2003).

Under the summary procedure urged by the State, a circuit court in Illinois could summarily recharacterize as a first postconviction petition a 
pro se 
litigant’s pleading that was labeled differently. The litigant would not be given notice or an opportunity to respond. As a result, the pleading that was transformed into the litigant’s first postconviction petition would present only those arguments that the litigant had chosen to include before realizing that he was, in effect, filing a postconviction petition. Any additional arguments that the litigant might have included in a first postconviction petition would be barred from successive petitions unless the litigant could demonstrate cause for failing to bring them 
and 
prejudice resulting from that failure.

We find this prospect as troubling as did the Supreme Court in 
Castro 
when faced with a similar circumstance regarding §2255 motions. We agree with defendant in the case at bar that a 
pro se 
litigant such as defendant, who has labeled his pleading as a 
mandamus 
complaint or some other cognizable action other than a petition for postconviction relief, ought to be given notice before his pleading is recharacterized as a first postconviction petition.

Pursuant to our supervisory authority, we hold that, in the future, when a circuit court is recharacterizing as a first postconviction petition a pleading that a 
pro se 
litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the 
pro se 
litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has. If the court fails to do so, the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act’s restrictions on successive postconviction petitions. As noted, we recognize that trial courts need not recharacterize a 
pro se
 pleading as a postconviction petition.  However, we urge judges to consider recasting pleadings that warrant such treatment.

With regard to the case at bar, we conclude that, in view of the proceedings before us, defendant has already received parts 1 and 2 of this notice and admonishment. He is aware that the circuit court intended to recharacterize his pleading as a first postconviction petition, and he undoubtedly knows that, as such, his pleading/postconviction petition will be subject to the restrictions on successive postconviction petitions. However, defendant has not received the third part of this admonishment: he has not been given an opportunity to withdraw his pleading or to amend it to include whatever additional postconviction claims he thinks fit. Accordingly, we vacate the circuit court’s judgment summarily dismissing defendant’s pleading entitled “Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea,” and we direct the circuit court, on remand, to provide defendant an opportunity to withdraw this pleading, or, in the alternative, to amend it to include whatever additional postconviction claims he believes he has.

CONCLUSION

We affirm the judgment of the appellate court for different reasons. We vacate the judgment of the circuit court, and remand the cause to the circuit court with instructions to afford defendant an opportunity to withdraw his 
pro se 
pleading, or, in the alternative, to amend it to include whatever additional postconviction claims he believes he has.

Appellate court judgment affirmed;

circuit court judgment vacated;

cause remanded with directions.

FOOTNOTES
1:     
1
We note that, while a trial court 
may 
treat a 
pro se 
pleading as a postconviction petition, there is no 
requirement 
that the court do so. A 1997 amendment to section 122–1 of the Act added subsection (d), which provides:

“A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article.” 725 ILCS 5/122–1(d) (West 2002).

In other words, if a 
pro se 
pleading alleges constitutional deprivations that are cognizable under the Act, but, as in the case at bar, the pleading makes no mention of the Act, a trial court is under no obligation to treat the pleading as a postconviction petition. Nevertheless, as our appellate court has pointed out, this does not mean that a trial court is 
barred
 from treating a 
pro se 
pleading as a postconviction petition. “If the court 
need not 
do so, then, by the strongest of implications, it also 
may 
do so.” (Emphases in original.) 
People v. Helgesen
, 347 Ill. App. 3d 672, 676 (2004).