2023 IL App (1st) 211019-U

No. 1-21-1019

Order filed May 19, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 12661 |
| | ) | |
| GEORGE GOMEZ, | ) | Honorable |
| | ) | William G. Gamboney, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Delort and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal for lack of jurisdiction where defendant's motion for leave to file a late notice of appeal was untimely.

¶ 2    Defendant George Gomez appeals from the circuit court's order *sua sponte* denying his *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). On appeal, defendant argues that the circuit court recharacterized his section 2-1401 petition as a successive petition for relief pursuant to the Post-

Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) without properly admonishing him and allowing him the opportunity to amend or withdraw the pleading. Having previously allowed defendant's motion for leave to file a late notice of appeal, we find that the circuit court did not recharacterize the pleading and that this court lacked jurisdiction to grant defendant's motion for leave to file a late notice of appeal. Accordingly, we vacate our order and dismiss the appeal.

¶ 3    Defendant and codefendant Misael Juarez were tried separately for the murder of Ivan Sanchez, which occurred on September 19, 2004. Defendant was arrested without a warrant and pursuant to an investigative alert on May 9, 2006. Following a bench trial, the trial court found defendant guilty of first degree murder under an accountability theory and sentenced him to 50 years' imprisonment, which included an enhancement of 15 years for committing the offense while armed with a firearm. See 730 ILCS 5/5-8-1(a)(1); (d)(i) (West 2004).

¶ 4    On direct appeal, defendant challenged only his sentence. We affirmed. *People v. Gomez*, 2011 IL App (1st) 093007-U. We subsequently affirmed the circuit court's summary dismissal of defendant's 2013 petition for postconviction relief under the Act (*People v. Gomez*, 2015 IL App (1st) 140740-U) and its denial of his 2017 motion for leave to file a second petition for postconviction relief under the Act (*People v. Gomez*, 2020 IL App (1st) 173016).

¶ 5    On August 17, 2020, defendant filed a *pro se* pleading that is the subject of the present appeal, titled "Petition for Relief from Judgment Pursuant to 735 ILCS 5/2-1401 (f)." See 735 ILCS 5/2-1401(f) (West 2020) ("Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."). He asserted that the judgment against him was void because his arrest was made pursuant to an

investigative alert and not a warrant, a legal finding of probable cause was lacking, and the arrest violated the Illinois Constitution.

¶ 6 The case was called on September 14, 2020, but neither party appeared. The court continued the matter to October 30, 2020, stating, "[D]efendant is *pro se* and filed a 1401 petition file-stamped September 20 [*sic*], 2020. I need a chance to review that."[1]

¶ 7 The court recalled the case on October 30, 2020, when an assistant State's attorney was present. The court stated as follows:

"THE COURT: [Defendant] recently filed a request. It's a successive post-conviction matter I believe challenging the issuance of a warrant pursuant to that—what's that new case? Bass? Is that the one that came out about investigative alerts? I think that's what the defense—the defendant is relying on.

I've had a chance to review the matter. The Court finds that [defendant] could not possibly demonstrate entitlement to relief[,] making summary disposition appropriate. Accordingly, the motion for relief from judgment is hereby denied.

I'm going to order the clerk to send a copy of the written order, which a written order is available. Send a copy to [defendant], and I'm going to mark [his] case off call."

¶ 8 The circuit court entered an eight-page written order on the same date, denying "the petition for relief from judgment" as defendant "could not possibly demonstrate entitlement to relief[,] making summary disposition appropriate." The "Legal Standard" section of the order recites authority regarding review of section 2-1401 petitions, including that, unless the State files a

---

[1] The circuit court also referred to defendant's filing at issue as a "1401 petition" in the half-sheet of September 14, 2020.

response to a section 2-1401 petition within 30 days, the circuit court may dismiss the petition *sua sponte* based on a finding that the petitioner "cannot possibly win relief" (citing *People v. Vincent*, 226 Ill. 2d 1 (2007)). In the "Analysis" section, the court rejects defendant's claim that his conviction is void because he was arrested pursuant to an investigative alert.

¶ 9     On May 28, 2021, defendant filed a motion for leave to file late notice of appeal.  On August 23, 2021, we allowed the motion and ordered the appointment of appellate counsel.

¶ 10    On appeal, defendant argues that the circuit court recharacterized his section 2-1401 petition as a successive postconviction petition under the Act without admonishing him as required by *People v. Shellstrom*, 216 Ill. 2d 45 (2005), and *People v. Pearson*, 216 Ill. 2d 58 (2005). He contends we should therefore remand for the proper admonitions and to permit him to withdraw or amend his petition because the law on the constitutionality of warrantless arrests based on investigative alerts is at best in flux. The State responds that we should affirm because the circuit court did not recharacterize the petition and *Shellstrom* and *Pearson* are therefore inapplicable. We agree with the State that the circuit court did not recharacterize the petition, but find we must dismiss the appeal for lack of jurisdiction.

¶ 11    In order to provide the necessary context for our analysis, we first distinguish between the two mechanisms of relief at issue.

¶ 12    Section 2-1401 of the Code encompasses the comprehensive statutory procedure that authorizes a trial court to vacate or modify a final order or judgment in either criminal or civil proceedings. *People v. Thompson*, 2015 IL 118151, ¶ 28. Generally, a petitioner must file the section 2-1401 petition more than 30 days, but not later than two years, after the final judgment (735 ILCS 5/2-1401(a), (c) (West 2020)), and must demonstrate a defense or claim that would

have precluded the judgment, as well as diligence both in discovering the defense or claim and in presenting the petition (*Vincent*, 226 Ill. 2d at 7-8). However, where, as here, the petitioner seeks relief on the ground that the final judgment at issue is void, these requirements are inapplicable. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002) (citing *People v. Harvey*, 196 Ill. 2d 444, 454 (2001)).

¶ 13    Where, in a criminal matter, the State fails to respond to the defendant's section 2-1401 petition, the circuit court must determine whether the defendant is entitled to relief as a matter of law based on the allegations in the petition. *Vincent*, 226 Ill. 2d at 9-10. After 30 days have lapsed since the filing of the petition, the circuit court may dismiss it *sua sponte* and without notice to defendant " 'where the claimant cannot possibly win relief.' " *Id.* at 13 (quoting *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)).

¶ 14    In contrast to section 2-1401, the Act provides a three-stage postconviction procedure for a defendant to claim a substantial denial of his rights, under either the Illinois or the federal constitution, during the criminal proceedings that resulted in his conviction. 725 ILCS 5/122-1 *et seq.* (West 2020); *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001). The Act requires that, in a noncapital case, the circuit court "shall" review a petition within 90 days of filing to determine whether it is "frivolous or *** patently without merit," and, if so, "shall" dismiss the petition in a written order (725 ILCS 5/122-2.1(a)(2) (West 2020)), a disposition known as "summary dismissal." Although the Act contemplates the filing of only a single petition, the circuit court may grant leave to file a successive petition upon either (1) a colorable claim of actual innocence or (2) a showing of "cause" for the defendant's failure to raise the claim in the prior petition and

"prejudice" resulting from that failure (725 ILCS 5/122-1(f) (West 2020)). *People v. Edwards*, 2012 IL 111711, ¶¶ 22-24.

¶ 15 A circuit court may "recharacterize" a *pro se* postconviction pleading—including a section 2-1401 petition—as a petition under the Act, so long as the defendant raises a claim that is cognizable under the Act. *People v. Cook*, 2019 IL App (1st) 161428, ¶ 9 (citing *Shellstrom*, 216 Ill. 2d at 51-53; *Pearson*, 216 Ill. 2d at 66-67). However, before doing so, the circuit court must give the admonishments that our supreme court outlined in *Shellstrom* and *Pearson*. *Cook*, 2019 IL App (1st) 161428, ¶¶ 10-12 (citing *Shellstrom*, 216 Ill. 2d at 56-58; *Pearson*, 216 Ill. 2d at 68-69).

¶ 16 Specifically, before recharacterizing a pleading as a successive postconviction petition, the circuit court must (1) notify the defendant that the court intends to recharacterize the pleading, (2) warn the defendant that the pleading will consequently be subject to the restrictions on successive postconviction petitions, and (3) allow the defendant to withdraw the pleading or to amend it to include all factors or arguments relevant to a successive postconviction that the defendant believes he has. *Pearson*, 216 Ill. 2d at 68 (ruling these admonitions apply where defendant files a *pro se* section 2-1401 petition and circuit court recharacterizes it as a successive postconviction petition under the Act).

¶ 17 The circuit court is not required to recharacterize a *pro se* pleading as a postconviction petition filed under the Act. *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010). But where we find the circuit court did recharacterize a *pro se* pleading as a petition under the Act, we review *de novo* whether it complied with *Shellstrom* and *Pearson*. *People v. Corredor*, 399 Ill. App. 3d 804, 806 (2010). In such a case, if we find the circuit court failed to properly admonish the defendant as

required by *Shellstrom* and *Pearson*, we must vacate the dismissal and remand to provide the defendant with appropriate admonishments and an opportunity to amend or withdraw his pleading. *Pearson*, 216 Ill. 2d at 69.

¶ 18    Having reviewed the record on appeal, we find that the circuit court did not recharacterize defendant's section 2-1401 petition. The record shows that the circuit court expressly recognized defendant's pleading as a *pro se* section 2-1401 petition in open court when it continued the matter until October 30, 2020, well beyond the 30-day time frame during which a *sua sponte* dismissal is premature. See *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). On October 30, 2020, the court made an oral pronouncement denying the petition and entered a written order to that effect. It did not indicate an intent to recharacterize the petition as a pleading under the Act, such as by referring to the petition as "frivolous" or "patently without merit," the standard for summary dismissal under the Act (725 ILCS 5/122.2.1(a)(2) (West 2020)). It did not indicate an intent to enable defendant to avoid a forfeiture or to otherwise aid him, circumstances that generally inform a recharacterization of a *pro se* pleading. See *Shellstrom*, 216 Ill. 2d at 52.

¶ 19    In fact, the court's written order specifically outlines the procedure for a defendant to file— and for a circuit court to consider and, after the lapse of 30 days, to dismiss *sua sponte*—a *section 2-1401* petition, citing *Vincent*, 226 Ill. 2d at 13. The "Legal Standard" section also exclusively addresses section 2-1401, including the burden defendant must meet to obtain relief and the standard the court must follow in dismissing such a petition *sua sponte*. Nothing in the order suggests the petition under consideration was subject to the legal standard applicable to petitions under the Act.

¶ 20    Nevertheless, defendant relies heavily upon the circuit court's oral statement—"It's a successive post-conviction matter I believe"—as evidence of a recharacterization. He argues that we "should look to the trial court's oral pronouncements in divining *** its intent *** in the treatment of [his] pleading."

¶ 21    This oral statement does not suggest a recharacterization. We find instructive *People v. Thompson*, 377 Ill. App. 3d 945 (2007), wherein this court found that the circuit court's remark "Post-conviction petition is denied" was insufficient evidence of recharacterization and that the term "postconviction petition" does not refer exclusively to petitions under the Act. *Id.* at 947. Moreover, in *Thompson*, we found that no confusion arose where the circuit court orally mentioned an already-prepared written order, entered the same day, that specifically focused on section 2-1401. *Id.* at 948.

¶ 22    Similarly here, a section 2-1401 petition is, in fact, "a successive post-conviction matter," and this reference by the circuit court is insufficient evidence of recharacterization. Further, as in *Thompson*, the written order in this case amply identifies section 2-1401 as the relevant statute under which the court analyzed defendant's request for relief. Thus, as in *Thompson*, no "confusion" resulted from any conflict between the written order and the oral pronouncement. See *id.*

¶ 23    Defendant's attempt to distinguish *Thompson* is unpersuasive. He argues the written order here is not "clear" because, while it discusses section 2-1401, "an even greater portion" discusses whether his arrest violated his constitutional rights, which he deems "an analysis that the trial court would only engage in if it were treating the conviction as a post-conviction matter." But defendant's petition invoked a constitutional argument, claiming his conviction is void because

investigatory alerts are unconstitutional. Section 2-1401 permits either a legal or a factual challenge to a final judgment. *Thompson*, 2015 IL 118151, ¶ 44; see also *People v. Lawton*, 212 Ill. 2d 285, 297 (2004) (holding that the defendant could use a section 2-1401 petition to challenge his conviction on the basis that he was denied his constitutional right to effective assistance of counsel). Thus, the circuit court merely considered the constitutional argument the petition set forth. Such does not indicate a recharacterization.

¶ 24     We likewise reject defendant's argument that the circuit court's use of the term "summary disposition" signifies a recharacterization. The written order cites *Vincent*, wherein the supreme court observed that "summary dismissals" are not recognized under section 2-1401 and that a *sua sponte* disposition of a section 2-1401 petition without responsive pleadings or notice to a defendant is not a "summary" ruling. *Vincent*, 226 Ill. 2d at 11. Arguing the circuit court was presumably aware of *Vincent*, defendant claims the court's reliance on that opinion signals an intent to recharacterize his petition.

¶ 25     The circuit court never called its ruling a "summary dismissal" but rather a "summary disposition," and the written order states that the petition is "[d]enied."[2] Further, *Vincent* did not involve a petition under the Act, actual or recharacterized. Rather, *Vincent* addressed whether the circuit court had properly disposed of a section 2-1401 petition *sua sponte*. *Id.* at 5. For this reason, the circuit court's reliance on *Vincent* supports the conclusion that no recharacterization occurred here. See *People v. Caliendo*, 391 Ill. App. 3d 847, 849-50 (2009) (where the circuit court

---

[2] The court's handwritten notes on the half-sheet for the proceedings of October 30, 2020, also states: "[defendant]'s motion is denied."

recharacterized the petition as one under the Act, *Vincent* was not controlling because no recharacterization occurred in *Vincent*).

¶ 26     Having found the circuit court did not recharacterize the petition, we find we lacked jurisdiction to consider defendant's motion for leave to file a late notice of appeal from the denial of that petition.

¶ 27     This court has an independent duty to consider whether it has jurisdiction to review this case. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The filing of a notice of appeal is the jurisdictional step initiating appellate review, and, unless there is a properly filed notice of appeal, this court has no jurisdiction over the appeal and must dismiss it. *Id.*

¶ 28     The circuit court denied defendant's section 2-1401 petition on October 30, 2020. On May 28, 2021, this court received defendant's *pro se* motion for leave to file late notice of appeal, which this court allowed in a written order entered on August 23, 2021.

¶ 29     Section 2-1401 petitions are civil pleadings subject to the "usual rules of civil practice." *Vincent*, 226 Ill. 2d at 8. As the basis for this court's jurisdiction, defendant's appellate brief correctly cites Supreme Court Rule 301 (eff. Feb. 1, 1994), authorizing appeals of final judgments in civil cases "as of right." Illinois Supreme Court Rule 303(a) requires that, in a civil case, where no timely motion directed against the judgment was filed, the notice of appeal "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." Ill. S. Ct. R. 303(a) (eff. July 1, 2017). Rule 303(d) permits a defendant to file in the reviewing court, "within 30 days after expiration of the time for filing a notice of appeal," a motion to file a late notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1, 2017). The untimely filing of a motion for leave to file a late notice of appeal deprives this court of jurisdiction to consider

the matter and requires dismissal of the appeal. See *People v. Tapp*, 2012 IL App (4th) 100664, ¶¶ 7-8 (dismissing appeal for lack of jurisdiction where defendant appellant failed to observe the time limitations of Rule 303(d)).

¶ 30    Here, defendant appeals the circuit court's October 30, 2020 order denying his section 2-1401 petition. As defendant did not file a postjudgment motion in the circuit court challenging the denial, the last day to file a timely notice of appeal under Rule 303(a) was Monday, November 30, 2020. See 5 Ill. Comp. Stat. Ann. 70/1.11 (West 2020) (excluding weekend days from computations of time). In turn, the last day for filing a timely motion for leave to file a late notice of appeal in this court under Rule 303(d) was December 30, 2020. Defendant's motion, filed in this court on May 28, 2021, was therefore untimely.

¶ 31    Pursuant to Illinois Supreme Court Rule 373 (eff. July 1, 2017), the date on which a document is received in this court is generally considered the date of filing. However, " '[i]f received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing.' " *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 9 (quoting Ill. S. Ct. R. 373 (eff. July 1, 2017)). Applying Rule 373, defendant's *pro se* motion for leave to file a late notice appeal was still untimely. In his notice and proof of service attached to the motion, defendant certified under section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2020)) that he placed his motion in the mail at his correctional institution on May 5, 2021, well beyond the 30-day extension of time permitted by Rule 303(d), which expired on December 30, 2020. We therefore lacked jurisdiction to consider defendant's untimely motion for leave to file a late notice of appeal.

¶ 32    Given our lack of jurisdiction, our order allowing defendant's motion for leave to file late notice of appeal was improvidently allowed. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213, 217-18 (2009) (the timely filing of a notice of appeal is "both jurisdictional and mandatory," and appellate courts "[lack] the authority to excuse the filing requirements of the supreme court rules governing appeals"); *Tapp*, 2012 IL App (4th) 100664, ¶ 7 (vacating appellate court's order granting untimely Rule 303(d) motion for leave to file late notice of appeal).

¶ 33    For the reasons set forth above, we vacate our order of August 23, 2021, granting defendant leave to file a late notice of appeal, and we dismiss defendant's appeal of the circuit court's denial of his section 2-1401 petition.

¶ 34    Appeal dismissed.