NOTICE
Decision filed 08/02/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220607-U

NO. 5-22-0607

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 99-CF-317 |
| | ) | |
| JOSHUA W. KRUGER, | ) | Honorable |
| | ) | Karen E. Wall, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where defendant pleaded guilty to an offense under a constitutional statute and a count based on a statute later held unconstitutional was dismissed pursuant to a plea agreement, defendant's convictions were not void such that they could be challenged in an untimely section 2-1401 petition. Moreover, no procedural error occurred in the dismissal of the petition. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    In 2000, defendant, Joshua W. Kruger, pleaded guilty to two counts of unlawful use of weapons by a felon (UUWF) and was sentenced to five years in prison in accordance with the plea agreement. In 2022, he filed a petition for postjudgment relief which the circuit court dismissed. Defendant appeals.

¶ 3    Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court

1

erred in denying relief. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court has provided him with the opportunity to respond and he has filed a response. However, after considering the record on appeal, OSAD's memorandum and supporting brief, and defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                          BACKGROUND

¶ 5     Defendant was charged with two counts of UUWF and one count of unlawful use of weapons (UUW). The indictment generally alleged that he possessed a firearm and ammunition in a car. He agreed to plead guilty to the UUWF counts. In exchange, the State would dismiss the UUW count and recommend a sentence of five years' imprisonment. The circuit court, finding the plea knowing and voluntary, accepted it and imposed the agreed sentence.

¶ 6     In 2021 defendant filed a petition pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2020)) alleging that his convictions were void because the UUW statute had been declared facially unconstitutional in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). He alternatively contended that his convictions for possessing both a firearm and firearm ammunition violated double-jeopardy principles.

¶ 7     The State filed a motion to dismiss in which it pointed out that defendant was convicted of UUWF, not UUW, and that the former offense had never been held unconstitutional. The State further argued that defendant's double-jeopardy argument was untimely but that, in any event, his multiple convictions were proper because as alleged in the indictment he possessed the firearm and ammunition at different times and places.

¶ 8     Defendant filed a response but also filed an amended petition. In the amended petition, defendant alleged that, although he was not convicted of UUW, that charge nevertheless led to his guilty plea. He contended that the State threatened to seek the maximum 10-year sentence for UUW if he did not plead guilty to UUWF. He further alleged that he would not have pleaded guilty without the State's promise to dismiss the UUW count. He argued that the State thus used a nonexistent offense as leverage to obtain his guilty plea.

¶ 9     The State responded that UUW was the less serious offense. It contended that it was nonsensical to argue that it used the less serious offense as leverage to obtain a guilty plea to the more serious one or that defendant would have insisted on going to trial on the more serious offense absent dismissal of what was essentially a lesser-included offense.

¶ 10    On February 24, 2022, the court granted the State's motion to dismiss. The court summarized defendant's arguments that his UUWF convictions were void and concluded that they had "no merit in the law." The court then observed that defendant's arguments

> "have morphed into what is more properly challenged in a Post Conviction Petition or a direct appeal to appellate court, not under 735 ILCS 5/2-1401. The court characterizes the Amended Petition in this manner. The Amended Petition does not meet the requirements of petition filed under 725 ILCS 5/122-1 *et seq*. because the Defendant has completed his sentence."

¶ 11    The court further found that double jeopardy did not apply because defendant was subjected to only one sentence, which he had served.

¶ 12    On September 1, 2022, defendant filed another section 2-1401 petition in which he requested the circuit court to vacate its February 24, 2022, order. He also filed a "Declaration of Joshua W. Kruger," setting forth his factual allegations and detailing some of the difficulties he

had experienced in conducting legal research while incarcerated. He contended that the court had recharacterized his initial section 2-1401 petition as a postconviction petition without providing the admonishments required by *People v. Shellstrom*, 216 Ill. 2d 45 (2005), and restated his previous voidness argument.

¶ 13    The State filed a motion to dismiss, which was filed by the circuit clerk on September 7, 2022. In an order dated September 2, 2022, but not filed by the circuit clerk until September 7, 2022, the circuit court dismissed defendant's most recent petition. Defendant timely appealed.

¶ 14                                     ANALYSIS

¶ 15    OSAD identifies four potential issues but concludes that none has even arguable merit. We agree.

¶ 16    OSAD first concludes that this court lacks jurisdiction to consider the dismissal of defendant's first petition. OSAD notes that no notice of appeal was ever filed from the February 24, 2022, order dismissing that petition.

¶ 17    A section 2-1401 proceeding is a civil remedy that extends to criminal cases and is subject to the usual rules of civil procedure. *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). Illinois Supreme Court Rule 303, governing civil appeals, provides that a notice of appeal must generally be filed within 30 days of the order or judgment being appealed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017). However, on "motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time *** filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal," the reviewing court may allow the filing of a late notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1, 2017). Thus, a motion to file a late notice of appeal was due on or before April 25, 2022, 60 days after the dismissal order.

4

¶ 18    While Illinois Supreme Court Rule 606(c) allows in certain circumstances for a notice of appeal to be filed as late as six months after the order being appealed (Ill. S. Ct. R. 606(c) (eff. Mar. 12, 2021)), a section 2-1401 petition is a civil remedy governed by the civil procedural rules. See *People v. Tapp*, 2012 IL App (4th) 100664, ¶ 4. Thus, we lack jurisdiction to review the February 24, 2022, order. Moreover, the filing of the second petition did not extend the time to appeal the dismissal of the first petition. See *Holloway v. Kroger Co.*, 253 Ill. App. 3d 944, 947-48 (1993).

¶ 19    In his response to OSAD's motion to withdraw as counsel, defendant asserts that he attempted to appeal this order by placing a notice of appeal in the prison mail system on March 2, 2022. Defendant further asserts that after the passage of several months during which he received no confirmation from the circuit court that his section 2-1401(f) petition had been received and filed, he attempted to file in this court on May 2, 2022, a motion for leave to file a late notice of appeal. However, the clerk of this court returned late notice of appeal to him, advising him by letter that because a motion for late notice of appeal had to be filed no later than April 25, 2022, this court had lost jurisdiction and could take no action thereon.

¶ 20    Attached to defendant's response as exhibits are an undated *pro se* notice of appeal and a handwritten proof of service dated March 2, 2022. Neither document is file-stamped by the circuit clerk and neither appears in the record on appeal. Attachments to briefs which are not of record are not properly before the reviewing court, and while Illinois Supreme Court Rule 329 (eff. July 1, 2017) permits supplementation of the record, it does not permit supplementation with material that was not before the circuit court. Because no timely notice of appeal from the circuit court's February 24, 2022, order appears of record, we lack jurisdiction to review that order.

¶ 21    OSAD next concludes that there is no meritorious argument that the circuit court improperly recharacterized defendant's first section 2-1401 petition in violation of *Shellstrom*. OSAD first reiterates that we lack jurisdiction over this issue given the failure to file a timely appeal. However, defendant did raise the issue in the second petition. Thus, at least arguably, the issue is ripe for adjudication. In any event, we conclude that *Shellstrom* was not violated.

¶ 22    In *Shellstrom*, the court held that a circuit court has the discretion to recharacterize a section 2-1401 petition or similar pleading as a postconviction petition. *Shellstrom*, 216 Ill. 2d at 51-53. However, the court was concerned that, because the Post-Conviction Hearing Act (Act) permits the filing of only one petition without leave of court (725 ILCS 5/122-1(f) (West 2020)), the *sua sponte* recasting of a pleading as a postconviction petition might inadvertently deprive the petitioner of the opportunity to raise additional claims. *Shellstrom*, 216 Ill. 2d at 55-57. Thus, before such a recharacterization, a court must

>    "(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." *Id.* at 57.

¶ 23    Here, the court first rejected on the merits defendant's claim that his conviction was void. Then, the court apparently observed in passing that defendant's claims more closely resembled those cognizant in a postconviction petition, but that he was barred from filing such an action because he had completed his sentence for that offense. While the court did state that it "characterizes the Amended Petition in this manner," there is no indication that the court intended

6

to formally recharacterize the petition as one filed under the Act. The circuit court is presumed to know the law and apply it correctly unless the record contains "strong affirmative evidence to the contrary." *People v. Howery*, 178 Ill. 2d 1, 32 (1997). Here, the single ambiguous statement in the order was not such a "strong, affirmative evidence." Assuming, *arguendo*, that the circuit court did recharacterize defendant's first section 2-1401 petition as a postconviction petition, its failure to admonish defendant in accordance with *Shellstrom* is harmless because, as the court noted, defendant had no standing to seek relief under the Act where he had already served his sentence. See *People v. Carrera*, 239 Ill. 2d 241 (2010) (to have standing to seek relief under the Act a postconviction petitioner must have his liberty constrained in some way by the conviction he or she is challenging).

¶ 24    OSAD next concludes that there is no meritorious argument that the court erred procedurally in dismissing the second petition. Under section 2-1401, once a petition is filed, the State has 30 days in which to answer or otherwise plead. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). After 30 days, the petition is "ripe for adjudication." *Id.* A circuit court may not dismiss a petition *sua sponte* before the 30 days have passed absent a responsive pleading. *Id.*

¶ 25    Here, the second petition was filed September 1. The court's order dismissing it was dated September 2 but was not filed until September 7, after the State's response had been received. The petition was ripe for adjudication once the State's response was filed. *Id.* The circuit court is presumed to know the law. *Howery*, 178 Ill. 2d at 32. Thus, absent some clear indication to the contrary, we presume that the court had received the State's response before entering the dismissal order.

¶ 26    Lastly, OSAD concludes that, to the extent the issue is properly before us, the circuit court correctly rejected defendant's argument that his plea is void. Defendant's plea was entered on

May 2, 2000. Thus, a section 2-1401 petition had to be filed by May 2, 2002. See 735 ILCS 5/2-1401(c) (West 2020).

¶ 27    However, void orders are not subject to the usual forfeiture rules and thus may be challenged "at any time in any court." *In re N.G.*, 2018 IL 121939, ¶ 57. Section 2-1401 is a recognized means of vacating convictions based on facially unconstitutional statutes, even when the petition is filed outside the statutory time limit. See, *e.g.*, *People v. Shinaul*, 2017 IL 120162; 735 ILCS 5/2-1401(f) (West 2020). An order will be deemed void in only two situations: (1) where the court entering the judgment lacked personal or subject-matter jurisdiction or (2) where the judgment was based on a facially unconstitutional statute. *People v. Price*, 2016 IL 118613, ¶ 31. The former situation does not apply here, as the circuit court clearly had jurisdiction.

¶ 28    The latter situation also does not apply. Statutes are presumed constitutional. *People v. Devenny*, 199 Ill. 2d 398, 400 (2002). Defendant pleaded guilty to UUWF, which has consistently been upheld. See *People v. Burns*, 2015 IL 117387, ¶ 42 (Garman and Thomas, JJ., specially concurring) (citing cases); see also *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). Because defendant was convicted under a constitutional statute, his conviction is not void.

¶ 29    Defendant attempted to link his conviction to the unconstitutional statute by alleging that the State threatened to seek the maximum sentence for UUW unless he pleaded guilty to UUWF and that he never would have pleaded guilty to UUWF without the State's agreement to dismiss the UUW count. The State argued that these allegations were farfetched given that UUW was the *less* serious offense. But even if we take defendant's allegations at face value, they do not render his conviction void. The fact remains that defendant was convicted of UUWF, which is

8

constitutional. His conviction was not "based on a statute that is facially unconstitutional." *Price*, 2016 IL 118613, ¶ 31.

¶ 30 Moreover, the circuit court correctly rejected defendant's double-jeopardy claim. The State argued that the two convictions were based on possession of two different items at different times and places. But even if this were not so, it would not make defendant's convictions void, as UUWF is constitutional. Thus, his attempt to raise the argument more than 15 years later was untimely.

¶ 31 In his response, defendant insists that the mere presence of the unconstitutional charge in the indictment renders his conviction void. He cites *People v. Tellez-Valencia*, 188 Ill. 2d 523 (1999), for the proposition that "the defect caused by charging an offense based upon a statute not in effect when the alleged offense occurred is fatal, rendering the entire instrument invalid." *Id.* at 527.

¶ 32 The two defendants whose cases were consolidated in *Tellez-Valencia* were both convicted under the unconstitutional statute. Nothing in *Tellez-Valencia*—or any other case of which we are aware—suggests that the mere presence in an indictment of a charge based on a statute later held unconstitutional taints a conviction under a constitutional statute. And we can see no logical reason for such a rule. Moreover, even if such a rule existed, the UUW charge was dismissed pursuant to the plea agreement; it was no longer part of the indictment when defendant was convicted and sentenced.

¶ 33 Defendant quotes extensively from *In re N.G.*, 2018 IL 121939, ¶ 73, to the effect that a conviction based on a facially unconstitutional statute is "a nullity" such that the court "never acquired jurisdiction." As noted, though, defendant simply was not convicted under an unconstitutional statute. He was convicted under a constitutional one.

9

¶ 34 A circuit court's jurisdiction derives from the constitution. *People v. Castleberry*, 2015 IL 116916, ¶ 18 (citing Ill. Const. 1970, art. VI, § 9). Accordingly, defects in the charging instrument do not deprive a court of jurisdiction. *People v. Hughes*, 2012 IL 112817, ¶¶ 27-28. The presence of the concededly valid UUWF counts sufficiently invoked the court's jurisdiction.

¶ 35 CONCLUSION

¶ 36 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 37 Motion granted; judgment affirmed.