NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241421-U

NO. 4-24-1421

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 26, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| DWAYNE BRANDON, | ) | No. 17CF772 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Talmadge "Tad" Brenner, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Harris and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court (1) vacated the trial court's judgment, finding the court erred by failing to admonish defendant pursuant to *People v. Shellstrom*, 216 Ill. 2d 45 (2005), before recharacterizing defendant's *pro se* motion as a postconviction petition and (2) remanded the cause for compliance with the *Shellstrom* admonitions.

¶ 2    In September 2024, following his convictions of attempted first degree murder and aggravated domestic battery, defendant, Dwayne Brandon, filed a *pro se* motion to "forward discovery/common law record." The trial court recharacterized the motion as a postconviction petition, then dismissed it after finding it frivolous and patently without merit.

¶ 3    Defendant appeals, arguing the trial court erred in recharacterizing his *pro se* motion without first providing him the admonitions required under *People v. Shellstrom*, 216 Ill. 2d 45 (2005). We agree and vacate the dismissal and remand for compliance with the *Shellstrom* admonitions.

¶ 4                                 I. BACKGROUND

¶ 5            In January 2018, a jury found defendant guilty of attempted first degree murder

(720 ILCS 5/8-4, 9-1(a)(1) (2016)) and aggravated domestic battery (720 ILCS 5/12-3.3(a), 12-

3.2(a)(1) (West 2016)). The trial court sentenced defendant to 20 years' imprisonment.

Defendant appealed, and this court affirmed his conviction and sentence in July 2024. *People v.*

*Brandon*, 2024 IL App (4th) 230415-U, ¶ 3.

¶ 6            On September 13, 2024, defendant filed a *pro se* motion to "forward

discovery/common law record." In the motion, defendant requested the trial court and the circuit

court clerk provide him a certified copy of the common law record in this case for the purpose of

postconviction proceedings. He stated his prior counsel had retired and was unable to provide the

requested information. He further requested various affidavits and reports related to the case. No

hearing was held on defendant's motion.

¶ 7            On September 20, 2024, the trial court dismissed the motion. In a written order,

the court stated it considered "defendant's *pro se* pleading to be a Petition for Post Conviction

relief." The court found the motion was "patently without merit and frivolous," as the motion

failed to assert a claim of a substantial denial of federal or state constitutional rights. Rather, the

motion appeared to be a request for the court to produce documents.

¶ 8            This appeal followed.

¶ 9                                 II. ANALYSIS

¶ 10           Defendant contends the trial court erred by recharacterizing his motion to

"forward discovery/common law record" as a postconviction petition without adhering to the

procedures mandated by our supreme court in *Shellstrom*. The State concedes the error, and we

accept the State's concession.

¶ 11　　　　　The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a procedure by which defendants can assert their convictions resulted from a substantial violation of their federal or state constitutional rights. *People v. Tate*, 2012 IL 112214, ¶ 8. A defendant may file only one postconviction petition without obtaining leave of court. 725 ILCS 5/122-1(f) (West 2022). To obtain leave of court to file a successive postconviction petition, the defendant must satisfy the cause-and-prejudice test by showing "cause for his or her failure to bring the claim in his or her initial postconviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2022).

¶ 12　　　　　The trial court may recharacterize an otherwise labeled *pro se* pleading and treat it as a postconviction petition where the pleading alleges a constitutional deprivation cognizable under the Act. *Shellstrom*, 216 Ill. 2d at 51. However, before recharacterizing a *pro se* pleading as a postconviction petition, the court must first do the following:

> "(1) notify the *pro se* litigant that the court intends to recharacterize the pleading,
> (2) warn the litigant that this recharacterization means that any subsequent
> postconviction petition will be subject to the restrictions on successive
> postconviction petitions, and (3) provide the litigant an opportunity to withdraw
> the pleading or to amend it so that it contains all the claims appropriate to a
> postconviction petition that the litigant believes he or she has." *Shellstrom*, 216
> Ill. 2d at 57.

¶ 13　　　　　"The *Shellstrom* admonitions are designed to protect the rights of *pro se* defendants and, in particular, to inform them of the limitation on filing successive postconviction petitions and the need to amend their initial petition to include all possible postconviction claims." *People v. Stoffel*, 239 Ill. 2d 314, 328 (2010) (citing *Shellstrom*, 216 Ill. 2d at 57). We

review *de novo* whether the trial court followed the correct procedure under *Shellstrom*. *People v. Bland*, 2011 IL App (4th) 100624, ¶ 17.

¶ 14        The record shows the trial court failed to give defendant the requisite admonitions prior to recharacterizing his *pro se* motion as a postconviction petition, as evidenced in its September 20, 2024, order. The State agrees, and we accept its concession. Accordingly, we vacate the judgment of the court dismissing defendant's recharacterized motion and remand with directions the court admonish defendant and provide him an opportunity to withdraw the motion or amend it pursuant to *Shellstrom*, 216 Ill. 2d at 57.

¶ 15                              III. CONCLUSION

¶ 16        For the reasons stated, we vacate the trial court's dismissal of defendant's *pro se* motion and remand this cause for compliance with *Shellstrom*.

¶ 17        Order vacated and remanded with directions.